WILMER CUTLER PICKERING
  HALE AND DORR LLP
Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: (650) 600-5051
Fax: (650) 858-6100

WILMER CUTLER PICKERING
  HALE AND DORR LLP
Joshua A. Vittor (SBN 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071 USA
Tel.: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendant
Apple Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FRANCESCO CORALLO<br><br>          Plaintiff,<br><br>     v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, Q CYBER TECHNOLOGIES LIMITED, and APPLE INC.<br>          Defendants. | Case No. 3:22-cv-05229-RS<br><br>**APPLE INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND COMPLAINT RESPONSE DEADLINE**<br><br>**JUDGE:** Hon. Richard Seeborg |

Pursuant to Local Rule 7-11, Defendant Apple Inc. ("Apple") respectfully files this Motion for Administrative Relief to extend Apple's deadline to respond to the Complaint until 21 days after service of the Complaint on the other defendants in this action so that preliminary motions and case management activities in this action may proceed on a single, coordinated timeline for all Defendants. As explained below, a coordinated schedule for Defendants' responses to the Complaint and preliminary case management deadlines will be more efficient for the parties, and importantly, the Court. There would be no cognizable prejudice to Plaintiff from a modest delay to allow time for him to effectuate service on the other defendants.

I.  **BACKGROUND**

On September 13, 2022, Plaintiff Francesco Corallo ("Plaintiff") filed this lawsuit alleging that Defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber") (collectively, with NSO, the "NSO Defendants") utilized highly sophisticated cyber-surveillance technology to hack into his iPhone and iCloud account. Plaintiff asserts claims against the NSO Defendants for this alleged cyberattack, and claims against Apple for apparently failing to prevent the cyberattack. Specifically, Plaintiff asserts against NSO Defendants six claims for: (1) violation of the Alien Tort Claims Act, (2) violations of the Computer Fraud and Abuse Act, (3) Invasion of Privacy, (4) Civil Conspiracy, (5) violations of California's Comprehensive Computer Data Access and Fraud Act, and (6) Intentional Infliction of Emotional Distress. Dkt. No. 1 ¶¶ 52-80, 87-95, 105-109. The claims against NSO Defendants are based on the NSO Defendants' alleged use of the Pegasus spyware and FORCEDENTRY security exploit to hack into Plaintiff's iPhone device and iCloud account.[1] *Id.* ¶ 3. Plaintiff also asserts two claims against Apple for (1) negligence regarding cybersecurity practices and (2) false advertising regarding the data security of Apple products. *Id.* ¶¶ 81-86, 96-102.

---

[1] Last year, Apple filed suit against NSO Defendants for using the Pegasus spyware and the FORCEDENTRY security exploit to hack into Apple devices and accounts. *See Apple v. NSO Group Techs. LTD.*, No. 3:21-cv-09078 (N.D. Cal. Nov. 23, 2021) (Dkt. No. 1 ¶¶ 46, 48). That case is stayed pending the Supreme Court's review of a petition for certiorari on NSO's invocation of sovereign immunity in *NSO Group Technologies Limited v. WhatsApp Inc.*, No. 21-1338 (U.S.).

Although Plaintiff served the Complaint on Apple on September 23, 2022, the NSO Defendants have neither been served nor made appearance in this action. *See* Declaration of Joshua Vittor ("Vittor Decl.") ¶ 3.

On October 4, 2022, Apple sought an extension of its time to respond and inquired as to the status of service of NSO. *See id.* ¶ 4. Apple explained its position that, to avoid competing case management schedules, the case should be coordinated across all Defendants. *Id.* Counsel for Plaintiff agreed to extend the deadline only to November 4, 2022, even as they confirmed that Plaintiff had not yet effected service on the NSO Defendants. *Id.*

On October 14, 2022, counsel for Apple made a subsequent request to Plaintiff's counsel for an update on Plaintiff's efforts to serve the NSO Defendants and to renew Apple's request to extend Apple's deadline to respond to the Complaint until 21 days after all Defendants have been served. *Id.* ¶ 5. On October 17, 2022, Plaintiff rejected Apple's request and again confirmed that Plaintiff has not yet served the NSO Defendants with the Complaint. *Id.* It is Apple's understanding that, to date, Plaintiff has still not completed service on the NSO Defendants. As a result, even if Plaintiff effects service on the NSO Defendants today, their answer will not be due until after Apple's November 4, 2022, deadline to respond to the Complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i),

## II. ARGUMENT

Apple's request for an additional extension of time to respond to the Complaint pending service of the NSO Defendants promotes judicial economy and sound judicial administration.

Plaintiff has not yet completed service of the Complaint as of the filing of this motion. Consequently, the NSO Defendants will respond to the Complaint significantly later than Apple, resulting in a bifurcated briefing and hearing schedule on anticipated motions to dismiss that will require piecemeal briefing and, potentially, *seriatim* oral argument, and creates potential misalignment as to preliminary case events such as an initial Case Management Conference. Apple's motion seeks to promote judicial economy by requesting that the Court extend Apple's time to respond until the NSO Defendants have been served, so all parties can then work together

to set a coordinated schedule that will allow the parties to brief and the Court to adjudicate Defendants' anticipated motions to dismiss in an efficient, coherent manner.

Good cause exists to grant this motion because Plaintiff's claims against Apple are intertwined with the claims against NSO Defendants. Plaintiff's negligence and false advertising claims against Apple arise out of NSO Defendants' hacking activities. This means that there are significant overlapping factual allegations, and, in fact, the claims against NSO Defendants are the foundation for Plaintiff's claims against Apple. For example, Plaintiff's claims against NSO Defendants depends on the alleged hacking of Plaintiffs' device(s) by NSO Defendants. Plaintiff's negligence claim builds on those same allegations by stating that Apple "failed to prevent and/or adequately and reasonably defend against the hacking . . . ." Dkt. No. 1 ¶ 83.

Further, extending the deadline to respond to the Complaint will not cause any prejudice to Plaintiff—Plaintiffs presumably are taking steps to serve the NSO Defendants. It makes little sense for the case to move forward in earnest until the NSO Defendants have appeared.

### III. CONCLUSION

Based on the foregoing, Apple respectfully requests that the Court extend Apple's deadline to respond to the Complaint to 21 days after the NSO Defendants are served.

Dated:  October 24, 2022

/s/ *Sonal N. Mehta*
WILMER CUTLER PICKERING
   HALE AND DORR LLP
Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.:  (650) 600-5051
Fax:  (650) 858-6100

WILMER CUTLER PICKERING
   HALE AND DORR LLP
Joshua A. Vittor (SBN 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071 USA
Tel.:  (213) 443-5300
Fax:  (213) 443-5400

*Attorneys for Defendant*
*Apple Inc.*