Carlos F. Osorio (*pro hac vice admitted*)
Florida Bar No. 597546
cosorio@osorioint.com
Andres F. Rey (*pro hac vice admission*)
Florida Bar No. 118875
arey@osorioint.com
**OSORIO INTERNACIONAL, P.A.**
175 S.W. 7 Street, Suite 1900
Miami, FL 33130
Tel: 305-900-4103

George J. Vila (*pro hac vice admission*)
Florida Bar No. 141704
gvila@gjvpa.com
**GEORGE J. VILA, P.A.**
201 Alhambra Circle, Suite 702
Coral Gables, FL 33134-5111
Tel: 305-445-2540

Monte S. Travis (CA Bar No. 84032)
montetravis@mac.com
Robert P. Travis (CA Bar No. 182667)
robert.p.travis@icloud.com
**TRAVIS & TRAVIS**
1160 Battery Street East, Suite 100
San Francisco, CA 94111-1231
Tel: 415-939-0576

Attorneys for Plaintiff
Francesco Corallo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCESCO CORALLO,<br><br>Plaintiff,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, Q CYBER TECHNOLOGIES LIMITED, and APPLE, INC.,<br><br>Defendants. | Case No. 3:22-cv-05229-RS<br><br>**MOTION TO SERVE NSO DEFENDANTS BY FEDERAL EXPRESS OR OTHER INTERNATIONAL COURIER** |

Plaintiff FRANCESCO CORALLO ("**Corallo**") moves to permit service of process on Defendants NSO GROUP TECHNOLOGIES LIMITED ("**NSO**") and Q CYBER

-1-

TECHNOLOGIES LIMITED ("**Q Cyber**") (collectively the "**NSO Defendants**") by Federal Express or Other International Courier, as permitted by Fed.R.Civ.P. 4, and in support states as follows:

1. Plaintiff filed this action against NSO Defendants and Defendant APPLE, INC. ("**Apple**") for damages and injunctive relief pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and for California state law claims for invasion of privacy, civil conspiracy, negligence, California's Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, California's False Advertising Law, Cal. Bus. and Prof. Code, §§ 17500, *et seq.,* and intentional inflict of emotional distress.

2. In particular, this action seeks redress for NSO Defendants' torts in violation of the law of nations and international law from their systematic abuse of human rights, targeting, harassment, persecution, intentional infliction of emotional distress, invasion of privacy, as well as other offensive and actionable conduct. This action also raises claims for violations of federal and state law arising out of the NSO Defendants' egregious, deliberate, and intentional hacking of Corallo's Apple iPhone device and iCloud account through the use of surveillance technology or "spyware," including NSO Defendants' Pegasus spyware and FORCEDENTRY security exploit (used to deploy NSO Defendants' Pegasus spyware onto the Apple user's devices). Plaintiff also seeks damages against Apples for its negligence in failing to (1) warn (2) prevent and/or (3) adequately and reasonably defend against the hacking by NSO Defendants despite Apple's knowledge that NSO Defendants were actively targeting its customers with their malware and spyware and other surveillance technology, and for falsely advertising its ability to prevent such cyberattacks.

3. Apple was served with process on September 23, 2022.

4. NSO Defendants have not yet been served with process despite efforts to serve them, including efforts to locate a representative of NSO Defendants in California to accept service of process.

5. NSO is an Israeli limited liability company and Q Cyber is also an Israeli corporation. Both entities have their principal places of business in Herzliya, Israel, according to

publicly available information. Although the NSO Defendants are subject to personal jurisdiction in this matter as alleged, neither entity has a registered agent in California nor an office whereby service can be effectuated in-state or otherwise in the United States.

6. In an effort to serve NSO Defendants, Plaintiff contacted NSO Defendants' prior counsel, King & Spalding, LLP, to inquire whether NSO Defendants would voluntarily accept receipt of the complaint without the need to engage a process server or to serve NSO Defendants by other means overseas. *See* email correspondence attached as **Exhibit "A'**. However, King & Spalding, LLC did not accept service. *Id.*

7. Accordingly, pursuant to Rule 4(f)(3) the Federal Rules of Civil Procedure, Plaintiff now requests the Court to allow alternate service of process on NSO Defendants by Federal Express or other international courier, with return receipt requested.

8. Rule 4(h)(2) governs service on a foreign business entity.[1] Rule 4(h)(2) authorizes service on a foreign business entity in any manner prescribed by Rule 4(f) for individuals. *See* Fed.R.Civ.P. 4(h)(2). Rule 4(f)(3), in turn, allows for service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed.R.Civ.P. 4(f)(3). "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international

---

[1] Rule 4(h) provides:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed.R.Civ.P. 4(h).

1     defendant." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)

2     (citation omitted).[2]

3         9.   Prior approval is required for service pursuant to Rule 4(f)(3). *Brockmeyer v. May*,

4     383 F.3d 798, 806 (9th Cir. 2004) (a party "must obtain prior court approval for the alternative

5     method of serving process."). However, a party "need not have attempted every permissible means

6     of service of process before petitioning the court for alternative relief." *Rio Properties*, 284 F.3d

7     at 1016. Instead, a party "need[] only to demonstrate that the facts and circumstances of the

8     present case necessitate[] the district court's intervention." *Id.*

9         10.  Moroever, "[e]ven if facially permitted by Rule 4(f)(3), a method of service of

10    process must also comport with constitutional notions of due process. To meet this requirement,

11    the method of service crafted by the district court must be 'reasonably calculated, under all the

12    circumstances, to apprise interested parties of the pendency of the action and afford them an

13    opportunity to present their objections.'" *Rio Properties*, 284 F.3d at 1016-17 (*quoting Mullane v.

14    Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

15        11.  Despite their connection to California for this case (as alleged), NSO Defendants'

16    principal places of business are located outside this district and is in Israel, and neither entity has

17    an office or registered agent in-state to accept service of process or be served. Plaintiff has been

18    unable to locate anyone willing to accept service or be served in California or elsewhere in the

19    United States.

20        12.  Israel is a signatory to the Hague Convention and has not objected nor prohibits

21    service of process by mail, as some signatory countries do. The Hague Convention permits service

22    by mails if not objected to by the signatory country. Service by international courier has been

---

[2] *See also id.* (citations and footnote omitted) ("By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1)4 or Rule 4(f)(2). Indeed, Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.").

permitted by Federal Courts on Israeli defendants.  *See Sec. & Exch. Comm'n v. Spot Tech House, Ltd.*, 221CV00632JCMDJA, 2021 WL 3674515, at *2 (D. Nev. June 11, 2021) ("Here, the Court grants the SEC's motion to serve Defendants by Federal Express. The Hague Convention provides for service by mail and Israel has not objected to its use. . . The Court thus concludes that the SEC can attempt service by Federal Express to the Defendants' addresses in Israel.").

13. Other Federal Courts have permitted service by courier as well. *See Boat Serv. of Galveston, Inc. v. NRE Power Sys., Inc.*, CV 17-7210, 2019 WL 13213316, at *1 (E.D. La. Aug. 27, 2019) ("The court concludes that Federal Express or UPS delivery, requiring a signed receipt, is also sufficient [to serve international defendants under Rule 4(f)(3)]."); *see also Rio Properties*, 284 F.3d at 1016 ("Applying this proper construction of Rule 4(f)(3) and its predecessor, trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email.").

14. Under the circumstances, Plaintiff's proposed method of service by Federal Express or other international courier, with return receipt, is consistent with the Federal Rules of Civil Procedure, due process in the United States, Federal case law, and will not offend Israeli law.

15. Plaintiff's request for alternate service of process under Rule 4 is made in good faith and is not futile or dilatory. Moreover, granting Plaintiff's request to serve NSO Defendants by Federal Express or other international courier, with return receipt, will not prejudice any party.

**WHEREFORE**, Plaintiff requests that the Court grant its Motion to Serve NSO Defendants by Federal Express Or Other International Courier and authorize Plaintiff to serve NSO Defendants in Israel by Federal Express or other international courier, with return receipt.

Dated: October 26, 2022

**OSORIO INTERNACIONAL, P.A.**

/s/ Carlos F. Osorio
Carlos F. Osorio (*pro hac vice admission*)
*Attorneys for Plaintiff Francesco Corallo*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 26th day of October 2022 a true and correct copy of the foregoing was served by Notice of Electronic Filing (CM/ECF) upon all registered users in this case.

/s/ *Carlos F. Osorio*
Carlos F. Osorio (*pro hac vice admission*)