Carlos F. Osorio (*pro hac vice admission*)
Florida Bar No. 597546
cosorio@osorioint.com
Andres F. Rey (*pro hac vice admission*)
Florida Bar No. 118875
arey@osorioint.com
**OSORIO INTERNACIONAL, P.A.**
175 S.W. 7 Street, Suite 1900
Miami, FL 33130
Tel: 305-900-4103

George J. Vila (*pro hac vice admission*)
Florida Bar No. 141704
gvila@gjvpa.com
**GEORGE J. VILA, P.A.**
201 Alhambra Circle, Suite 702
Coral Gables, FL 33134-5111
Tel: 305-445-2540

Monte S. Travis (CA Bar No. 84032)
montetravis@mac.com
Robert P. Travis (CA Bar No. 182667)
robert.p.travis@icloud.com
**TRAVIS & TRAVIS**
1160 Battery Street East, Suite 100
San Francisco, CA 94111-1231
Tel: 415-939-0576

Attorneys for Plaintiff
Francesco Corallo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCESCO CORALLO,<br><br>Plaintiff,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, Q CYBER TECHNOLOGIES LIMITED, and APPLE, INC.,<br><br>Defendants. | Case No. 3:22-cv-05229-RS<br><br>**PLAINTIFF'S RESPONSE TO APPLE INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND COMPLAINT RESPONSE DEADLINE**<br><br>**JUDGE: Hon. Richard Seeborg** |

Plaintiff FRANCESCO CORALLO ("**Corallo**") hereby files this Response to the Motion for Administrative Relief to Extend Complaint Response Deadline filed by Defendant APPLE, INC., and states as follows:

-1-

## I. BACKGROUND

Plaintiff filed this action on September 13, 2022 against Defendants NSO GROUP TECHNOLOGIES LIMITED ("**NSO**") and Q CYBER TECHNOLOGIES LIMITED ("**Q Cyber**") (collectively the "**NSO Defendants**") and Defendant APPLE, INC. ("**Apple**") for damages and injunctive relief pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and for California state law claims for invasion of privacy, civil conspiracy, negligence, California's Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, California's False Advertising Law, Cal. Bus. and Prof. Code, §§ 17500, *et seq.*, and intentional inflict of emotional distress. In particular, this action seeks redress for NSO Defendants' torts in violation of the law of nations and international law from their systematic abuse of human rights, targeting, harassment, persecution, intentional infliction of emotional distress, invasion of privacy, as well as other offensive and actionable conduct. This action also raises claims for violations of federal and state law arising out of the NSO Defendants' egregious, deliberate, and intentional hacking of Corallo's Apple iPhone device and iCloud account through the use of surveillance technology or "spyware," including NSO Defendants' Pegasus spyware and FORCEDENTRY security exploit (used to deploy NSO Defendants' Pegasus spyware onto the Apple user's devices). Plaintiff also seeks damages against Apples for its negligence in failing to (1) warn (2) prevent and/or (3) adequately and reasonably defend against the hacking by NSO Defendants despite Apple's knowledge that NSO Defendants were actively targeting its customers with their malware and spyware and other surveillance technology, and for falsely advertising its ability to prevent such cyberattacks.

Apple was promptly served with process on September 23, 2022. Apple's response to the Complaint was originally due on or before October 13, 2022, but was extended by stipulation of the parties until November 4, 2022. *See* Joint Stipulation to Extend Time to Answer or Respond to Complaint (D.E. 23) ("**Joint Stipulation**").

In particular, on October 4, 2022, counsel for Apple contacted Plaintiff's counsel and initially requested an extension of more than 7 weeks until December 6, 2022. *See* email correspondence attached as **Exhibit "A"**. Plaintiff was not agreeable to such a lengthy, unjustified

and dilatory extension, but did agree to a 3-week extension until November 4, 2022. *Id.* Counsel for Apple indicated that it "will accept the 3-week extension if that is all Plaintiff is willing to agree to," and drafted and filed the Joint Stipulation (D.E. 23), extending by agreement the deadline to respond to the Complaint until November 4, 2022. *Id.*

NSO Defendants have not yet been served with process but diligent efforts have been underway, and a motion to effect service by international courier has been filed, as permitted by Rule 4, Federal case law, and the Hague Convention on international service of process. NSO is an Israeli limited liability company and Q Cyber is an Israeli corporation. Despite their connection to California, NSO Defendants' principal places of business are both located outside this district and is in Israel, and neither entity has an office or registered agent in the state to accept, attempt or make service of process. Plaintiff has been unable to locate anyone willing to accept service of process in California. Accordingly, on October 26, 2022, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, Plaintiff filed a Motion to Serve NSO Defendants by Federal Express or Other International Courier ("**Rule 4 Motion**") (D.E. 30), requesting the Court to allow alternate service of process on NSO Defendants by Federal Express or other international courier, with return receipt requested.

After the filing of the Joint Stipulation, on October 24, 2022, Apple, without conferring with Plaintiff's counsel, filed its Motion for Administrative Relief to Extend Complaint Response Deadline (D.E. 29) ("**Motion for Extension of Time**") requesting a further extension of time – beyond what was already agreed to by the parties – until 21 days after service of the Complaint on the NSO Defendants. As grounds for its motion, Apple argues that a "coordinated schedule for Defendants' responses to the Complaint and preliminary case management deadlines will be more efficient for the parties, and importantly, the Court" and that "[t]here would be no cognizable prejudice to Plaintiff from a modest delay to allow time for [Plaintiff] to effectuate service on the other defendants." Motion for Extension of Time, p. 2. Plaintiff's response follows.

II. **APPLE'S REQUEST FOR AND EXTENSION LINKED TO SERVICE ON NSO DEFENDANTS IS UNREASONABLE, UNNECESSARY, INTENTIONALLY DILATORY AND IF GRANTED, POTENTIALLY AN OPEN-ENDED STAY OF**

**THE CASE AND SHOULD BE DENIED.**

As preliminary matter, Apple's Motion for Extension of Time comes as a surprise to Plaintiff since Apple had stipulated to respond by a date certain, after a meet-and-confer on the issue with Plaintiff's counsel. It would appear that Apple took the extension agreed to by Plaintiff and then on top of that has now sought what appears to be an open-ended extension to avoid having to respond to the Complaint. Had Apple been candid as to its intentions and filed the instant motion for extension weeks ago, there would have been no stipulation agreed to (i.e., a courtesy abused), and the issue would have been briefed and decided by now. Instead, Apple took the courtesy and then filed a motion on top of that.

Apple claims that its motion is based on "efficiency" concerns. The motion is plainly dilatory. It can respond to the Complaint and does not need to first know that the other defendants have been served and does not need to read the other defendants' response to the Complaint in order to craft its own. Indeed, the causes of action against Apple are separate and apart from those alleged against NSO Defendants. There is no reason to further delay Apple's response, especially if it intends to file a motion to dismiss challenging the Complaint.

Apple has not asked for a mere "modest delay" as it claims — it has asked for an open-ended stay of the case pending the service on NSO Defendants. While Plaintiff is not opposed to brief extensions when needed and will extend reciprocal courtesies as required by custom and professionalism, the instant motion is a delay tactic built on an abuse of the extension of a courtesy.

Moreover, at this juncture it is unclear how long it will take to serve NSO Defendants, who are based overseas in Israel. Plaintiff's Rule 4 Motion (D.E. 30) is still pending. While Plaintiff believes that its motion should be granted by the Court to allow prompt service on NSO Defendants via international courier, possibly even before the current November 4, 2022 deadline for Apple's response to the Complaint, the Rule 4 motion determination still needs to be made by the Court

In short, Apple has not established good cause to further extend the deadline for responding to the Complaint, certainly not for an open-ended extension as requested. The Court should hold Apple to its stipulation to respond to the Complaint by November 4, 2022. If, come November 4, 2022, Apple requires a further extension for professional reasons, and defines the extension to

a set, reasonable amount of time, that is another matter, and can be considered and possibly not opposed by undersigned, but that is not the nature of Apple's extension motion, which is unreasonable, unnecessary, intentionally dilatory, and an overt attempt to obtain their original e-mail request for an extension into December 2022 which was not agreed to by the parties.

### III.  CONCLUSION

WHEREFORE, Plaintiff requests that the Court deny Apple's Motion, and require Apple to file its response to Plaintiff's Complaint as agreed upon in the Joint Stipulation on or before November 4, 2022.

Dated: October 26, 2022          **OSORIO INTERNACIONAL, P.A.**

*/s/ Carlos F. Osorio*
Carlos F. Osorio (*pro hac vice admission*)
Attorneys for Plaintiff Francesco Corallo

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 26th day of October 2022 a true and correct copy of the foregoing was served by Notice of Electronic Filing (CM/ECF) upon all registered users in this case. /s/ Carlos F. Osorio Carlos F. Osorio (pro hac vice admission)