WILMER CUTLER PICKERING
   HALE AND DORR LLP
Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.:  (650) 600-5051
Fax:  (650) 858-6100

WILMER CUTLER PICKERING
   HALE AND DORR LLP
Joshua A. Vittor (SBN 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071 USA
Tel.:  (213) 443-5300
Fax:  (213) 443-5400

*Attorneys for Defendant*
*Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

FRANCESCO CORALLO

          Plaintiff,

   v.

NSO GROUP TECHNOLOGIES LIMITED,
Q CYBER TECHNOLOGIES LIMITED, and
APPLE INC.

          Defendants.

Case No.  3:22-cv-05229-RS

**APPLE INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS
COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES**

**DATE:** December 15, 2022
**TIME:** 1:30 p.m.
**DEPT.:** Courtroom 3 - 17th Floor
**JUDGE:** Hon. Richard Seeborg

## TABLE OF CONTENTS

I.     INTRODUCTION ....................................................................................................2

II.    BACKGROUND AND STATEMENT OF FACTS .............................................4

       a.     Apple's Best-in-Class Privacy Protection and Security Features ................4

       b.     NSO Defendants' Highly Sophisticated Zero-Click Exploit and Apple's
              Diligent Response ........................................................................................5

III.   ARGUMENT ........................................................................................................7

       a.     Plaintiff Fails to State a Claim for Negligence Against Apple ....................7

              i.      Plaintiff's Negligence Claim is Barred by the Economic Loss Doctrine .........7

              ii.     Plaintiff Fails Plausibly to Allege the Existence of a Duty ............................10

              iii.    Plaintiff Fails to Allege Apple Breached Any Duty ......................................11

              iv.     Plaintiff Has Not Sufficiently Alleged that Apple Caused Him Damage........12

       b.     Plaintiff Fails to State a False Advertising Claim.......................................14

              i.      Plaintiff Has Failed to Satisfy the Applicable "Reasonable Consumer"
                      Standard ...............................................................................................14

              ii.     Plaintiff's Vague and Conclusory Allegations Do Not Meet Rule
                      9(b)'s Heightened Pleading Standard ................................................16

IV.    CONCLUSION...................................................................................................18

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anunziato v. eMachines, Inc.*,
402 F. Supp. 2d 1133 (C.D. Cal. 2005) ......................................................................15, 16

*Apple Inc. v. NSO Grp. Techs. Ltd. et al.*,
No. 21-cv-9078-ED (N.D. Cal.).....................................................................................2

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................7

*Attias v. CareFirst, Inc.*,
365 F. Supp. 3d 1 (D.D.C. 2019) ..................................................................................11

*Battle v. Taylor James, LLC*,
No. 21-cv-07915-FWS-KES, 2022 WL 2162930 (C.D. Cal. June 15, 2022) ...................5

*Beacon Residential Cmty. Ass'n v. Skidmore, Owings & Merrill LLP*,
59 Cal. 4th 568 (2014)..................................................................................................10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................................11

*Bem v. Stryker Corp.*,
No. C 15–2485 MMC, 2015 WL 4573204 (N.D. Cal. July 29, 2015) .......................12, 13

*Bond v. Union Pac. R.R. Co.*,
No. C 02–3495 MEJ, 2004 WL 2348276 (N.D. Cal. Oct. 15, 2004) ...............................12

*Brockey v. Moore*,
107 Cal. App. 4th 86 (2003) .........................................................................................15

*Buckley v. Santander Consumer USA, Inc.*,
No. C17-5813 BHS, 2018 WL 1532671 (W.D. Wash. Mar. 29, 2018)............................11

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
475 Fed. Appx. 113 (9th Cir. 2012)...............................................................................16

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) ........................................................................................14

*Castillo v. Seagate Tech., LLC*,
No. 16-CV-01958-RS, 2016 WL 9280242 (N.D. Cal. Sept. 14, 2016)..............................8

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F.3d 1034 (9th Cir. 2011) ......................................................................................18

*Cisco Sys., Inc. v. STMicroelectronics, Inc.*,
    77 F. Supp. 3d 887 (N.D. Cal. 2014) ........................................................................10

*Colgan v. Leatherman Tool Grp., Inc.*,
    135 Cal. App. 4th 663 (2006) ...................................................................................15

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ...................................................................................17

*Davis v. Bifani*,
    No. 07-cv-00122-MEH-BNB, 2007 WL 1216518 (D. Colo. Apr. 24, 2007) .....................7

*Elsayed v. Maserati N. Am., Inc.*,
    215 F. Supp. 3d 949 (C.D. Cal. 2016) .........................................................................9

*Freeman v. Time, Inc.*,
    68 F.3d 285 (9th Cir. 1995) .....................................................................................15

*Greystone Homes, Inc. v. Midtec, Inc.*,
    168 Cal. App. 4th 1194 (2008) ................................................................................10

*Hadley v. Kellogg Sales Co.*,
    324 F. Supp. 3d 1084 (N.D. Cal. 2018) ....................................................................14

*Hairston v. S. Beach Beverage Co.*,
    No. CV 12–1429–JFW, 2012 WL 1893818 (C.D. Cal. May 18, 2012) ..........................16

*Haley v. Macy's, Inc.*,
    263 F. Supp. 3d 819 (N.D. Cal. 2017) .......................................................................17

*Hodges v. Hertz Corp.*,
    351 F. Supp. 3d 1227 (N.D. Cal. 2018) ....................................................................10

*In re Ferrero Litig.*,
    794 F. Supp. 2d 1107 (S.D. Cal. 2011) ......................................................................15

*In re Google Android Consumer Privacy Litig.*,
    No. 11–MD–02264 JSW, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) .........................8

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) ....................................................................8, 9

*In re Lenovo Adware Litig.*,
    No. 15-md-02624-RMW, 2016 WL 6277245 (N.D. Cal. Oct. 27, 2016) ..........................8

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    903 F. Supp. 2d 942 (S.D. Cal. 2012) ......................................................................14

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    996 F. Supp. 2d 942 (S.D. Cal. 2014) ...................................................................10, 13

*J'Aire Corp. v. Gregory*,
    24 Cal. 3d 799 (1979) ......................................................................................................9, 10

*Janda v. TMobile, USA, Inc.*,
    No. C 05-03729 JSW, 2008 WL 4847116 (N.D. Cal. Nov. 7, 2008) ................................17

*Jesse v. Malcmacher*,
    No. 5:15-cv-01677-SVW-DTB, 2016 WL 9450683 (C.D. Cal. Apr. 5, 2016) ................13

*Jimenez v. Sup. Ct.*,
    58 P.3d 450 (Cal. 2002) ......................................................................................................8

*Johnson v. Nw. Airlines, Inc.*,
    No. C 08–02272, VRW, 2010 WL 5564629 (N.D. Cal. May 5, 2010) ...........................13

*Jones v. ConAgra Foods, Inc.*,
    912 F. Supp. 2d 889 (N.D. Cal. 2012) ............................................................................17

*Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys.*,
    315 Fed. Appx. 603 (9th Cir. 2008) ..................................................................................8

*Kane v. R.J. Donovan State Prison*,
    2018 WL 400404 (S.D. Cal. Jan. 12, 2018) ......................................................................7

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ..............................................................................................5

*Kuhns v. Scottrade, Inc.*,
    868 F.3d 711 (8th Cir. 2017) ............................................................................................12

*Kwan v. SanMedica Int'l*,
    854 F.3d 1088 (9th Cir. 2017) ..........................................................................................12

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*,
    114 F. Supp. 3d 852 (N.D. Cal. 2015) ............................................................................16

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496 (2003) ..........................................................................................14

*Loomis v. Slendertone Distrib., Inc.*,
    420 F. Supp. 3d 1046 (S.D. Cal. 2019)......................................................................16, 18

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012) ....................................................................14, 15

*Martinez v. Pacific Bell*,
    225 Cal. App. 3d 1557 (1990) ..........................................................................................14

*Morgan v. Apple Inc.*,
    No. 17-cv-05277-RS, 2018 WL 2234537 (N.D. Cal. May 16, 2018) ................................9

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ....................................................................7

*O'Keefe v. Inca Floats, Inc.*,
    No. C-97-1225 VRW, 1997 WL 703784 (N.D. Cal. Oct. 31, 1997) .................................13

*Pirozzi v. Apple Inc.*,
    913 F. Supp. 2d 840 (N.D. Cal. 2012) .......................................................11

*Rowland v. Christian*,
    69 Cal. 2d 108 (1968) ....................................................................10

*Safransky v. Fossil Grp., Inc.*,
    No. 17-cv-1865-MMA (NLS), 2018 WL 1726620 (S.D. Cal. Apr. 9, 2018) ....................18

*Sanchez v. Lending Tree LLC*,
    No. 10-CV-1593 JLS (NLS), 2010 WL 3983390 (S.D. Cal. Oct. 12, 2010) .....................11

*Simmons v. W. Covina Med. Clinic*,
    212 Cal. App. 3d 696 (1989) ...............................................................13

*Surzyn v. Diamond Foods, Inc.*,
    No. C 14-0136 SBA, 2014 WL 2212216 (N.D. Cal. May 28, 2014) ............................17

*Thomas v. Costco Wholesale Corp.*,
    No. 5:12–CV–02908 EJD, 2013 WL 1435292 (N.D. Cal. Apr. 9, 2013) ........................17

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ...............................................................5

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .............................................................17

*Vu v. Calif. Commerce Club, Inc.*,
    58 Cal. App. 4th 229 (1997) ...............................................................13

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008) ...........................................................14, 15

*Zeiger v. WellPet LLC*,
    304 F. Supp. 3d 837 (N.D. Cal. 2018) .......................................................18

### STATUTES, RULES, AND REGULATIONS

Cal. Bus. & Prof. Code, §§ 17500 *et seq.* ...............................1, 3, 14, 15, 16, 17, 18

Fed. R. Civ. P. 9(b) ...............................................................1, 3, 17

Fed. R. Civ. P. 12(b)(6)................................................................1, 7

Fed. R. Evid. 201(b) ....................................................................4

1

**OTHER AUTHORITIES**

2

50A Cal. Jur. 3d Products Liability § 25 .......................................................................................9

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**NOTICE OF MOTION AND MOTION TO DISMISS**

2

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

3

**PLEASE TAKE NOTICE** that on December 15, 2022, at 1:30 p.m., or as soon thereafter as

4

the matter may be heard, in the courtroom of the Honorable Richard Seeborg, United States District

5

Judge, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California

6

94102,  Defendant Apple Inc. ("Apple") will and hereby does move this Court for dismissal as to all

7

counts pled in the Complaint (Dkt. No. 1) filed by Plaintiff Francesco Corallo ("Plaintiff") pursuant

8

to Fed. R. Civ. P. 12(b)(6).  This motion is based on this Notice of Motion and Motion to Dismiss, the

9

accompanying memorandum of Points and Authorities and on such other written and oral argument

10

as may be presented to the Court.

11

**STATEMENT OF RELIEF SOUGHT**

12

Defendants seek dismissal of the claims against Apple under Rule 12(b)(6) for failure to state

13

a claim upon which relief may be granted.

14

**STATEMENT OF ISSUES TO BE DECIDED**

15

1.  Whether Plaintiff has adequately alleged a negligence claim against Apple under

16

*Iqbal*/*Twombly* (Count V), where the Complaint asserts Apple designed and sold to Plaintiff

17

an iPhone with iCloud services enabled, which was then hacked, without Apple's knowledge

18

or authorization, by highly sophisticated third parties.

19

2.  Whether Plaintiff has adequately alleged violations of California's False Advertising Law Cal.

20

Bus. And Prof. Code, §§ 17500 *et seq.* against Apple and whether such claims have been pled

21

with sufficient particularity under Federal Rule of Civil Procedure 9(b) (Count VII), where the

22

Complaint asserts that Apple advertised having "powerful" security features that helped

23

minimize, not eliminate, the risk of data privacy breaches.

24

25

26

27

28

APPLE INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS
3:22-cv-05229-RS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff fails to allege any actionable misconduct or misstatements attributable to Apple, and therefore fails to state a claim against Apple as a matter of law.  The Court should dismiss the Complaint with prejudice.

Plaintiff alleges that he is among the many victims of an unprecedented series of cyberattacks perpetrated by the NSO Defendants, who are alleged to have created and used highly sophisticated cyber-surveillance technology to hack into his iPhone and iCloud account and conduct "zero-click" surveillance for customers that include sovereign governments that pay hundreds of millions of dollars to gain detailed information about human rights activists, dissidents, and journalists.  Apple has responded to the NSO Defendants' egregious, deliberate, and concerted efforts to target and attack Apple and its customers by quickly developing and making available improved security features and patches and also by suing the NSO Defendants for their misconduct. *See Apple Inc. v. NSO Grp. Techs. Ltd. et al.*, Case No. 21-cv-9078-ED (N.D. Cal.), Dkt. No. 1 ("Apple Complaint").[1]   Yet remarkably, Plaintiff seeks to hold Apple liable for the NSO Defendants' wrongdoing, arguing that Apple was somehow negligent in failing to prevent the NSO Defendants' misconduct and by falsely advertising the security of its products where they are not 100% impenetrable against sophisticated actors.  In doing so, Plaintiff largely parrots Apple's own allegations against the NSO Defendants in this action—relying every step of the way on the facts alleged therein as to the NSO Defendants.  Although Plaintiff's copycat allegations rightly aim at misconduct by the NSO Defendants, they fail to articulate an independent factual basis for asserting claims against Apple.  The Complaint fails to allege facts that, if true, would constitute culpable failures or misconduct *by Apple*.  Missing from the Complaint, for example, are any factual allegations supporting Plaintiff's claims against Apple, including that (1) Apple negligently caused Plaintiff to be hacked (Count V) and (2) Apple's advertising statements regarding iPhone and iCloud

---

[1] The Apple Complaint is attached to the Motion as Exhibit A.  Unless otherwise indicated, all references to exhibits refer to exhibits to the concurrently-filed Declaration of Joshua A. Vittor.

APPLE INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS
3:22-cv-05229-RS

security are misleading (Count VII).  Plaintiff cannot overcome this pleading deficiency for several reasons:

*First*, Plaintiff's negligence claim (Count V) is barred by the economic loss doctrine.  To the extent he alleges damages caused by Apple at all, those damages (*e.g.,* diminution in value of his iPhone) are economic in nature and are therefore not recoverable in tort.

*Second*, Plaintiff fails to, and cannot, allege the quintessential and necessary negligence elements: duty, breach, and causation.  Plaintiff apparently seeks to impose a limitless duty on technology manufacturers that amounts to a form of absolute liability for unlawful third-party hacks by even the most highly sophisticated hackers.  There is no such duty or liability under prevailing California law.  Regarding breach, Plaintiff does not (and cannot) allege any facts about how Apple's state-of-the-art security was supposedly inadequate and therefore created an opportunity for the NSO Defendants' crime which otherwise could have been avoided.  Nor does Plaintiff plead that Apple proximately caused his injury, as opposed to the independent and intervening acts of sophisticated cyberattackers.  At its core, Plaintiff's negligence claim is illogical: because the NSO Defendants hacked his iPhone and iCloud account, Apple should be liable.  Well-settled law simply does not support such a freewheeling theory of negligence.

*Third*, Plaintiff fails sufficiently to allege that Apple violated the California's False Advertising Law Cal. Bus. And Prof. Code, §§ 17500 *et seq.* ("FAL") (Count VII).  Plaintiff's FAL claim is based on his allegation that Apple promised "powerful" security.  But tellingly, Plaintiff neither alleges how Apple's alleged promise was false (there is no allegation that "powerful" means impenetrable and there could not plausibly be one), nor how this alleged promise was likely to deceive a reasonable consumer.  Further, Plaintiff's vague and conclusory allegations do not meet Rule 9(b)'s heightened pleading standard because they do not explain the "who, what, when, where, and how" of the alleged misconduct.

The Court should dismiss both Count V and VII against Apple.  Because, for the reasons described below, amending the Complaint would be futile, dismissal should be with prejudice.

## II.   BACKGROUND AND STATEMENT OF FACTS[2]

### a.   Apple's Best-in-Class Privacy Protection and Security Features

Apple designs, manufactures, markets, and sells, among other things, the iPhone smartphone device and the iCloud cloud-computing service.  Compl. ¶ 17.  Apple has earned its "reputation as best in class" for security features as a result of massive investment and years of effort to engineer and then consistently improve the company's operating systems and industry-leading processes to identify vulnerabilities and rapidly deploy security patches that protect Apple customers.  *See* Compl ¶ 47.

Plaintiff alleges that, at an unspecified time, he purchased an iPhone and subscribed to an iCloud account.  Compl. ¶ 18.  He alleges that he decided to purchase the iPhone and subscribe to iCloud in part because Apple mentioned "powerful" security features in some unspecified advertisements.  Compl. ¶¶ 47, 97, 98, 103.

Importantly, Plaintiff does not allege—nor can he—that Apple's advertising guaranteed that iPhone and iCloud were immune from illegal hacking by highly sophisticated parties with extraordinary resources and capabilities.  Apple did not do so because even today's most secure technology cannot eliminate entirely the risk that these highly sophisticated hackers will successfully target individual users of interest to them.  Instead, Apple represented in its terms and conditions that it could not guarantee the security of Plaintiff's information, including because of third-party conduct.  *See* Exhs. B, Apple Media Services Terms and Conditions, and C, iCloud Terms and Conditions.[3]

Plaintiff incorporates by reference two pages from Apple's website: an "iPhone User Guide" and an "iCloud Security Overview."[4]  *See* Exhs. D, iPhone User Guide and E, iCloud Security

---

[2] Apple accepts Plaintiffs allegations for purposes of this motion only.

[3] Federal Rule of Evidence 201 permits a court to notice a fact if it is "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  For the reasons described in Apple's concurrently filed Request for Judicial Notice, Apple's terms and conditions, to which Plaintiff agreed, are subject to judicial notice.

[4] "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself.  The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents

APPLE INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS
3:22-cv-05229-RS

Overview; *see also* Compl. ¶ 47 (referencing iPhone User Guide and iCloud Security Overview). The iPhone User Guide and iCloud Security Overview state:

- "iPhone is designed to protect your data and your privacy.  Built-in security features ***help*** prevent anyone but you from accessing the data on your iPhone and in iCloud."  Compl. ¶ 47 (citing iPhone User Guide)[5]; *see also* Exh. D, iPhone User Guide;

- "[b]uilt in privacy features ***minimize*** how much of your information is available to anyone but you . . . ."[6] *See* Exh. D, iPhone User Guide;

- "To take maximum advantage of the security and privacy features built into iPhone, follow these practices."[7]  *See id.* (providing detailed list of ways in which customers can enhance the security of their iPhones an iCloud accounts);

- "iCloud uses best-in-class security technologies, employs strict policies to protect your information, and leads the industry by adopting secure, privacy-preserving technologies like end-to-end encryption for your data."  Compl. ¶ 47 (citing iCloud Security Overview); *see also* Exh. E, iCloud Security Overview.

As evidenced by the incorporated webpages, Apple promised to "help" "minimize" (not eliminate entirely) the risk of privacy intrusions.  Apple also provided numerous ways to take "maximum advantage of the security and privacy features" that iPhone and iCloud offer.  *See* iPhone User Guide.

### b.    NSO Defendants' Highly Sophisticated Zero-Click Exploit and Apple's Diligent Response

While Apple creates products to serve and protect its users, NSO targets and attempts to exploit those products to harm Apple and its users.  At some unspecified time after Apple sold the

---

that weaken—or doom—their claims."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1007 (9th Cir. 2018); *Battle v. Taylor James, LLC*, No. 21-cv-07915-FWS-KES, 2022 WL 2162930, at *6 (C.D. Cal. June 15, 2022) (holding that a hyperlink in a complaint incorporated the linked document); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint").

[5] Emphasis added and internal citations and quotations omitted throughout, unless otherwise noted.

[6] Plaintiff omits this sentence in his Complaint.

[7] Plaintiff omits this sentence in his Complaint.

iPhone with iCloud services enabled to Plaintiff, Plaintiff alleges that both were hacked by the NSO Defendants and that the NSO Defendants' spyware remained "deployed" for some period of time. Compl. ¶¶ 3, 38.

To accomplish the hacking, Plaintiff alleges that the NSO Defendants utilized "highly invasive surveillance technology" called Pegasus and FORCEDENTRY that the NSO Defendants designed, developed, manufactured, marketed, sold, distributed, and maintained. Compl. ¶ 11. This is not ordinary consumer malware—NSO's technology, purportedly developed for government customers, "is known as a 'zero-click' exploit," meaning that, unlike traditional malware which often requires the user actively (albeit unwittingly) to do something to install it (*e.g.,* open an attachment), the NSO Defendants' technology functions silently and "without any action or awareness by the target." Compl. ¶ 38. Plaintiff concedes that the NSO Defendants' alleged hacking of his iPhone and iCloud account was without Apple's authorization or knowledge. Compl. ¶ 61. Plaintiff does not (and cannot) allege that Apple had any role either in the development, design, or distribution of the NSO Defendants' surveillance technology or in the NSO Defendants' improper use of that technology to access Plaintiff's iPhone and iCloud account.

As alleged in the Complaint, on November 23, 2021, Apple sent Plaintiff an email warning him that his iPhone and his iCloud account may have been the target of hacking and to "take [that] warning seriously." Compl. ¶¶ 41-43. That email contained specific recommendations for how to mitigate the potential hacking. Compl. ¶¶ 44-45.

As the Complaint recognizes, *see* Compl. ¶ 38, Apple has separately sued the NSO Defendants based on their use of their surveillance technology to target Apple customers and to access their personal data deliberately and illegally. *See generally* Apple Complaint. Apparently based exclusively on the allegations Apple advanced against the NSO Defendants in the Apple Complaint, Plaintiff contends that Apple knew or should have known that its customers might become the targets of hacking at the hands of the NSO Defendants. Compl. ¶ 48.

To summarize, Plaintiff alleges that (a) Apple sold him an iPhone with iCloud services enabled, (b) Apple advertised that those products contained certain security features designed to mitigate the risk of—not guaranteed to prevent—data privacy breaches from third parties like the

APPLE INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS
3:22-cv-05229-RS

NSO Defendants, and (c) when the NSO Defendants allegedly did access Plaintiff's data by illegally hacking his iPhone and iCloud account, Apple warned him of the breach and provided him with ways to remediate it. The Complaint lacks *any* other alleged conduct or omissions attributable to Apple. The Complaint does not allege, nor could it, that Apple could have done anything differently to prevent the NSO Defendants' conduct from occurring. Plaintiff nevertheless seeks to recover from Apple an unspecified quantum of damages arising from the NSO Defendants'—not Apple's— alleged misconduct.

## III.   ARGUMENT

The Complaint reflects a paucity of alleged facts regarding Apple's conduct, and the scarce facts about Apple that Plaintiff does allege are based exclusively (and improperly) on the Apple Complaint in a separate action against the NSO Defendants.[8] *See, e.g.*, Compl. ¶¶ 38, 39, 40, 48. This alone is sufficient to dismiss the Complaint. *See Kane*, 2018 WL 400404, at *3 ("[C]ourts typically hold that Rule 10(c) does not allow a party to adopt by reference pleadings from a wholly separate action, even if that action is between the same parties."). Even if the Court were to consider facts *Apple* alleged *against the NSO Defendants* in the Apple Complaint, those facts concern misconduct by the NSO Defendants—not Apple—and are insufficient to state a claim against Apple for the reasons set forth below.

### a.   Plaintiff Fails to State a Claim for Negligence Against Apple

#### i.   Plaintiff's Negligence Claim is Barred by the Economic Loss Doctrine

Plaintiff cannot state a cognizable negligence theory in light of the economic loss doctrine. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (finding dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory). Under this rule,

---

[8] Plaintiff cannot adopt by reference a complaint from a separate action to satisfy the pleading requirements for negligence or false advertising in the instant action. *See Kane v. R.J. Donovan State Prison*, 2018 WL 400404, at *3 (S.D. Cal. Jan. 12, 2018) (citing *Davis v. Bifani*, No. 07-cv-00122-MEH-BNB, 2007 WL 1216518, at *1 (D. Colo. Apr. 24, 2007) ("[T]he Court does not believe that it is proper to incorporate by reference wholesale the allegations in a complaint in a completely separate action, even if that action is between the same parties.")).

"recovery of purely economic loss is foreclosed" "[i]n the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule . . . ." *Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys.*, 315 Fed. Appx. 603, 605 (9th Cir. 2008). Because Plaintiff has alleged only economic loss and cannot otherwise allege any special relationship between himself and Apple, this claim fails as a matter of law.

With respect to Apple, Plaintiff does not allege anything beyond a pure economic loss: the decrease in value of Plaintiff's iPhone due to "damage to the operating system" caused by "malicious software." Compl. ¶¶ 3 n.1; 86. Plaintiff cannot recover in tort for damage caused to the device at issue. *See, e.g.*, *Jimenez v. Sup. Ct.*, 58 P.3d 450, 474 (Cal. 2002) ("[T]he economic loss rule allows a plaintiff to recover . . . in tort when a product defect causes damage to 'other property,' that is, property other than the product itself. The law of contractual warranty governs damage to the product itself."). Plaintiff also cannot recover for the loss of personal data. *Castillo v. Seagate Tech., LLC*, No. 16-CV-01958-RS, 2016 WL 9280242, at *6 (N.D. Cal. Sept. 14, 2016) (holding economic loss doctrine barred recovery where customers' personal data was compromised). California courts have time and time again applied this principle to data breach claims. For example, on a motion to dismiss in *In re Lenovo Adware Litig.*, No. 15-md-02624-RMW, 2016 WL 6277245 (N.D. Cal. Oct. 27, 2016), the plaintiffs' negligence claim against a laptop manufacturer was barred by the economic loss doctrine where the plaintiffs alleged that the manufacturer damaged their laptops by installing software that created performance, privacy, and security issues. 2016 WL 6277245, at *4. Similarly, on a motion to dismiss in *In re Google Android Consumer Privacy Litig.*, No. 11–MD–02264-JSW, 2013 WL 1283236 (N.D. Cal. Mar. 26, 2013), the court found the plaintiffs' negligence claim against a mobile device operating system designer was barred by the economic loss doctrine where the plaintiffs alleged there was spyware installed in its operating system, which was used to collect personally identifiable information without consent. 2013 WL 1283236, at *2, *12. Lastly, on a motion to dismiss in *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040 (N.D. Cal. 2012), the court also barred the plaintiffs' negligence claim under the economic loss doctrine. The plaintiffs alleged Apple's navigation software maintained

1    encrypted location history files and Apple's purported negligence caused harm by allowing that

2    "personal information (including location information) to become exposed to . . . third parties . . . ."

3    844 F. Supp. 2d at 1064.  The court held the plaintiffs only suffered an economic loss because the

4    plaintiffs' concerns regarding the software and that its data was shared amounted to only

5    "disappointed expectations from a commercial transaction."  *Id*.  In sum, Plaintiff's negligence

6    claim is barred by the economic loss doctrine for the same reason the court barred the plaintiffs'

7    recovery in these three cases: the installation of software that allegedly devalues the device at issue

8    and the alleged loss of personal data are both purely economic losses.

9         Plaintiff also fails to allege any "special relationship" between himself and Apple to avoid

10   application of the economic loss rule.  Under *J'Aire Corporation v. Gregory*, the court looks at six

11   criteria to determine the existence of a special relationship:

12        (1) the extent to which the transaction was intended to affect the plaintiff, (2) the

13        foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff

14        suffered injury, (4) the closeness of the connection between the defendant's conduct

15        and the injury suffered, (5) the moral blame attached to the defendant's conduct

16        and (6) the policy of preventing future harm.

17   *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 804 (1979).

18        In the case of a manufacturer and commercial consumer, "[a] 'special relationship'

19   permitting recovery for purely economic loss" only exists under the *J'Aire* factors "where the

20   manufacturer knew the product was destined for a *particular* consumer and for a *particular* use."

21   *Elsayed v. Maserati N. Am., Inc.*, 215 F. Supp. 3d 949, 963–64 (C.D. Cal. 2016) (citing 50A Cal.

22   Jur. 3d Products Liability § 25).  The Complaint does not address the *J'Aire* factors at all—much

23   less allege facts that would plausibly allege a special relationship that justifies an exception to the

24   economic loss rule.  This is of little surprise.  "Courts routinely reject negligence theories proceeding

25   on the special relationship doctrine in situations such as this where a plaintiff fails to allege, nor

26   could it, that the manufacturer marketed a product with the specific plaintiff in mind rather than the

27   general public."  *Morgan v. Apple Inc.*, No. 17-cv-05277-RS, 2018 WL 2234537, at *9 (N.D. Cal.

28   May 16, 2018) (granting motion to dismiss plaintiffs' negligence claim stemming from sale of

9

1    headphones); *see In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp.

2    2d 942, 969 (S.D. Cal. 2014) ("*Sony II*") (rejecting claim of special relationship based on "everyday

3    consumer transactions" and granting motion to dismiss plaintiffs' negligence claim); *Greystone*

4    *Homes, Inc. v. Midtec, Inc.*, 168 Cal. App. 4th 1194, 1230-31 (2008) (a "special relationship" does

5    not exist where plaintiffs "were no different from any other purchaser of the same product").

6    Because Apple's sales of iPhones or iCloud services to Plaintiff cannot serve as the basis for a

7    special relationship and it was a third party that misappropriated Plaintiff's data, Plaintiff's

8    negligence claim should be dismissed without leave to amend.

9                    **ii.      Plaintiff Fails Plausibly to Allege the Existence of a Duty**

10           Plaintiff's allegations regarding Apple's supposed duty are both speculative and conclusory,

11   which provides a separate and independent reason for dismissal, and cannot be remedied through

12   amendment.  Whether a duty of care exists is a question of law.  *See, e.g.*, *Beacon Residential Cmty.*

13   *Ass'n v. Skidmore, Owings & Merrill LLP*, 59 Cal. 4th 568, 573 (2014).  A duty of care may arise

14   through statute, contract, the general character of the activity, or the relationship between the parties.

15   *Cisco Sys., Inc. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 895 (N.D. Cal. 2014) (citing *J'Aire*,

16   24 Cal. 3d at 803).  California courts consider several factors (known as the "*Rowland* factors")

17   when deciding whether a duty exists, which focus on foreseeability, causation, and policy of

18   imposing liability.  *Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1247 (N.D. Cal. 2018) (citing

19   *Rowland v. Christian*, 69 Cal. 2d 108, 113 (1968)).

20           Plaintiff's claim that Apple "owed a duty to Plaintiff to protect all data of the cloud storage,"

21   Compl. ¶ 82, is not supported by prevailing California law.  Plaintiff has not alleged a duty of care

22   based on statute, contract, the character of making and selling smartphones or cloud services, or the

23   nature of his relationship with Apple.  *Cisco*, 77 F. Supp. 3d at 895 (describing ways in which a

24   plaintiff may allege a duty of care).  Rather, as Plaintiff alleges, Apple offered Plaintiff an iPhone

25   with iCloud services enabled, Compl. ¶ 46, truthfully represented that it could not guarantee the

26   security of Plaintiff's information, including because of third-party conduct, Exhs. B, Apple Media

27   Services Terms and Conditions at 8, and C, iCloud Terms and Conditions at 18-19, and suffered an

28   extremely sophisticated, surreptitious "zero-click" third-party exploit by the NSO Defendants,

1   Compl. ¶ 38.  Missing from these allegations are any assertions that Apple had an ongoing legal

2   duty to protect Plaintiff's data.  *See, e.g.*, *Attias v. CareFirst, Inc.*, 365 F. Supp. 3d 1, 14-17 (D.D.C.

3   2019) (analyzing factors courts have found relevant to existence of common-law duty to provide

4   reasonable data security, and finding no duty based on the parties' "typical commercial

5   relationship"); *Buckley v. Santander Consumer USA, Inc.*, No. C17-5813 BHS, 2018 WL 1532671,

6   at *5 (W.D. Wash. Mar. 29, 2018) (declining to find "common law legal duty" where plaintiff

7   alleged "failure to maintain adequate security," but not affirmative acts or special relationship).

8       Plaintiff's allegations fall squarely under the holding in *Pirozzi v. Apple Inc.*, 913 F. Supp.

9   2d 840 (N.D. Cal. 2012), which forecloses his claim.  In *Pirozzi*, the purchasers of iPhones, iPod

10   touches, and iPads sought to plead creatively around the fact that Apple owed them no duty by

11   alleging that Apple's "control over the user experience" created the type of relationship that could

12   give rise to an ongoing duty constantly to protect a user's personal information from

13   misappropriation by third parties.  913 F. Supp. 2d at 851.  The court disagreed and held that

14   "Plaintiffs have not [] adequately pled or identified a legal duty on the part of Apple to protect users'

15   personal information from third-party app developers."  *Id*. at 852.  The fact pattern and principle

16   are the same here: Plaintiff has not identified a legal duty on the part of Apple to protect his

17   information from illegal third-party hacks.

18       Because Plaintiff cannot allege Apple owed him a duty as a matter of law, Plaintiff's

19   negligence claim is defective and incurable and should be dismissed without leave to amend.

20   ### iii.    Plaintiff Fails to Allege Apple Breached Any Duty

21       Plaintiff does not allege—nor can he—that Apple did anything wrong, much less legally

22   cognizable.  A bare allegation that a defendant breached a duty to protect personal information "is

23   a conclusory statement and is therefore insufficient to establish the 'breach' element of a negligence

24   cause of action.  Instead, it is merely a 'formulaic recitation of the element[ ] of a cause of action.'"

25   *Sanchez v. Lending Tree LLC*, No. 10-CV-1593 JLS (NLS), 2010 WL 3983390, at *2 (S.D. Cal.

26   Oct. 12, 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

27       Here, the Complaint improperly rests on hindsight: that because the hacking happened,

28   Apple must have failed an obligation to protect user information.  Compl. ¶ 83; *see Bond v. Union*

*Pac. R.R. Co.*, No. C 02–3495 MEJ, 2004 WL 2348276, at *3 (N.D. Cal. Oct. 15, 2004) ("[M]ore than a mere possibility of occurrence is required since, with hindsight, everything is foreseeable."). The law requires Plaintiff to do more than make conclusory allegations: he must allege specific facts identifying *how* Apple is alleged to have breached the duty it supposedly owed to him.  Put differently, he must plausibly allege how a reasonable actor in Apple's shoes should have acted, and how Apple failed to live up to that standard.  *Bem v. Stryker Corp.*, No. C 15–2485 MMC, 2015 WL 4573204, at *1 (N.D. Cal. July 29, 2015) (dismissing negligence claims as deficient where plaintiff relied "solely on conclusory allegations," and failed to plead facts demonstrating how the defendant was negligent or how any such negligence caused or contributed to any specified injury). Furthermore, Plaintiff's repeated claims that Apple's security features were not "powerful" are no substitute for detailed factual allegations of precisely how he believes Apple's security was inadequate.  "The implied premise that because data was hacked [the company's] protections must have been inadequate is a 'naked assertion[] devoid of further factual enhancement' that cannot survive a motion to dismiss." *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 717-18 (8th Cir. 2017)); *see also Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (holding that although a court must take all allegations of material fact as true and construe them in favor of the nonmoving party, "[c]onclusory allegations of law and unwarranted inferences . . . are insufficient to avoid dismissal") (internal quotations omitted).

Plaintiff in fact pleads himself out of any plausible theory of breach by alleging that (at the very least) Apple acted *reasonably*: Apple warned Plaintiff about the hack as soon as possible, told him to "take [that] warning seriously," and provided him with concrete next-steps to prevent any further attacks.  Compl. ¶¶ 42-45.  Apple's investment in, and longstanding commitment to, industry-leading product security and privacy exceeds the reasonableness standard by such a wide measure as to be the antithesis of breach.

### iv. Plaintiff Has Not Sufficiently Alleged that Apple Caused Him Damage

Even beyond the defects explained above (each of which independently precludes his claims), Plaintiff has not adequately pled proximate cause because NSO Defendants' independent, intervening criminal acts destroy the causal chain.  Under California law, "causation of damages

in . . . tort cases, requires that the damages be proximately caused by the defendant's breach, and that their causal occurrence be at least reasonably certain." *Vu v. Calif. Commerce Club, Inc.*, 58 Cal. App. 4th 229, 233 (1997).  Proximate cause "is that cause which, in natural and continuous sequence, *unbroken by any efficient intervening cause*, produced the injury and without which such result would not have occurred." *Johnson v. Nw. Airlines, Inc.*, No. C 08–02272, VRW, 2010 WL 5564629, at *8 (N.D. Cal. May 5, 2010).

Here, even if Plaintiff did adequately allege that Apple had breached a duty—which for the reasons stated above, he has not done—any damage caused to Plaintiff's iPhone or iCloud account (the only damages Plaintiff even purports to attribute to Apple in the Complaint) were, by Plaintiff's own allegations, caused by the NSO Defendants' hacking activities, including "installing the Pegasus spyware" on Plaintiff's device.  *See* Compl. ¶ 86.  It is beyond dispute that the NSO Defendants, not Apple, did the alleged hacking and installed the Pegasus spyware on Plaintiff's devices.  That should end the matter.  *See Bem*, 2015 WL 4573204, at *1 (dismissing negligence claims that failed to allege "the manner in which [defendant] was negligent"); *Sony II*, 996 F. Supp. 2d at 964 (dismissing negligence claims based on data breach where plaintiffs failed to "specifically allege . . . how the alleged property damage was proximately caused by Sony's breach.").  California law does not allow plaintiffs to recover "where there is only a mere possibility the defendant's negligence caused the wrong"—here, even that mere possibility does not exist.  *Simmons v. W. Covina Med. Clinic*, 212 Cal. App. 3d 696, 702 (1989).

Plaintiff's theory also fails because his harm depends on multiple "independent illegal acts of third parties," namely the illegal acts of the NSO Defendants.  *O'Keefe v. Inca Floats, Inc.*, No. C-97-1225 VRW, 1997 WL 703784, at *4 (N.D. Cal. Oct. 31, 1997).  Such actions "are deemed unforeseeable and therefore, the sole proximate cause of the injury which excludes negligence of another as a cause of injury."  *Id.*; *see Jesse v. Malcmacher*, No. 5:15-cv-01677-SVW-DTB, 2016 WL 9450683, at *10 (C.D. Cal. Apr. 5, 2016) ("The illegal acts of third parties are unforeseeable as a matter of law.").  As the California Court of Appeal observed in *Martinez*, defendants "lack the legal or practical ability to control such criminal actions of third parties." *Martinez v. Pacific Bell*, 225 Cal. App. 3d 1557, 1569 (1990).  Like the defendant in *Martinez*, Apple lacks the "legal or

1   practical ability" to control criminal acts such as "zero-click" infiltrations of its customers' devices

2   conducted by sophisticated hackers. *Id.*; Compl. ¶ 38. As such, Plaintiff fails to plead the proximate

3   causation necessary to state a negligence claim.

4       For each of the independently sufficient foregoing reasons, Plaintiff's negligence claim

5   should be dismissed, and because Plaintiff cannot allege duty as a matter of law, it should be

6   dismissed with prejudice. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir.

7   2010) (holding that futility is a ground for not providing leave to amend); *Low v. LinkedIn Corp.*,

8   900 F. Supp. 2d 1010, 1033 (N.D. Cal. 2012) (granting motion to dismiss negligence claim with

9   prejudice where amendment would be futile).

10      **b.    Plaintiff Fails to State a False Advertising Claim**

11          **i.    Plaintiff Has Failed to Satisfy the Applicable "Reasonable Consumer"**

12              **Standard**

13      Plaintiff's FAL claim, which is premised on the simultaneously true and non-misleading

14  representation that Apple's industry-leading security features are "powerful," fails as a matter of

15  law. To state a claim for false or misleading advertising under the FAL, a plaintiff must allege that

16  the defendant's purported misrepresentations are untruthful and likely to deceive a reasonable

17  consumer. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). "Likely to deceive

18  implies more than a mere possibility that the advertisement might conceivably be misunderstood by

19  some few consumers viewing it in an unreasonable manner." *In re Sony Gaming Networks &*

20  *Customer Data Sec. Breach Litig.* ("*Sony I*"), 903 F. Supp. 2d 942, 967 (S.D. Cal. 2012) (quoting

21  *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). This test is objective, and it

22  is irrelevant whether Plaintiff himself was misled. *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d

23  1084, 1095 (N.D. Cal. 2018) ("[T]his objective test . . . will not require the court to investigate class

24  members' individual interaction with the product"). Further, "'[g]eneralized, vague, and

25  unspecified assertions . . . are not actionable under the . . . FAL." *In re Ferrero Litig.*, 794 F. Supp.

26  2d 1107, 1115 (S.D. Cal. 2011) (quoting *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1139

27  (C.D. Cal. 2005)); *see also Williams*, 552 F.3d at 939 n.3. *Freeman v. Time, Inc.*, 68 F.3d 285, 289

28  (9th Cir. 1995) (upholding motion to dismiss FAL challenge to mailer that suggested plaintiff had

won sweepstakes because plaintiff did not allege mailer was likely to deceive a reasonable consumer).  "In determining whether a statement is misleading under the statute, the primary evidence in a false advertising case is the advertising itself."  *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 679 (2006) (quoting *Brockey v. Moore*, 107 Cal. App. 4th 86, 100 (2003)).

Plaintiff bases his claim on the following statements, which he cherry-picks, out of context, from Apple's website: (i) "iPhone is designed to protect your data and your privacy.  Built-in security features help prevent anyone but you from accessing the data on your iPhone and in iCloud" and (ii) "iCloud uses best-in-class security technologies, employs strict policies to protect your information, and leads the industry by adopting secure, privacy-preserving technologies like end-to-end encryption for your data."  Compl. ¶ 47.  Neither of these challenged statements are demonstrably false (they are, in fact, true)—nor does Plaintiff even attempt to allege otherwise. Thus, the Complaint lacks any alleged facts that suggest that (i) the iPhone is *not* designed to protect customer data or privacy, (ii) iCloud's security is *not* best-in-class, (iii) iCloud does *not* have policies to protect customer information, or (iv) iCloud does *not* lead the industry by adopting secure, privacy-preserving technologies like end-to-end encryption.  Rather, Plaintiff appears to suggest that these supposed misstatements led him to believe that his Apple products were somehow immune from intrusion by a highly sophisticated hacker.  But he has identified zero Apple statements guaranteeing such immunity.  "Powerful" security (and even the best security of all time) does not mean impenetrable security, and Plaintiff's inability to allege otherwise dooms his claim. Because Apple did not make this promise, and Plaintiff cannot allege otherwise, amending his FAL claim would be futile.  Dismissal should therefore be with prejudice.  *Low*, 900 F. Supp. 2d at 1033 (granting motion to dismiss FAL claim with prejudice where amendment would be futile).

Even assuming, *arguendo*, that Plaintiff alleged these statements were demonstrably false, they are not likely to deceive a reasonable consumer.  Subjective descriptions of Apple's security features like "powerful," "safest and most secure," "best-in-class," and "leads the industry,"[9] are at most, accepting Plaintiff's allegations as true for purposes of this motion, nonactionable, generalized

---

[9] Plaintiff alleges that Apple represented its security features as "powerful," Compl. ¶ 47, 97, 98, 103, but that word does not appear on any of the advertisements he cites.

APPLE INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS
3:22-cv-05229-RS

statements.  *See Loomis v. Slendertone Distrib., Inc.*, 420 F. Supp. 3d 1046, 1083 (S.D. Cal. 2019) (finding the modifiers "great," "maximum," and "ultimate" are nonactionable "generalized statements"); *Anunziato*, 402 F. Supp. 2d at 1140–41 (finding that the words "quality," "performance," "latest technology," and "high quality" were nonactionable); *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852, 861 (N.D. Cal. 2015) (finding "'background checks you can trust' . . . is a general, subjective statement that makes no specific claim about Uber's services. These statements are therefore non-actionable . . .").

Furthermore, the challenged statements are all provided in critical context that Plaintiff seeks to ignore: "security features *help* prevent anyone but you from accessing [iPhone and iCloud] data." Compl. ¶ 47.  Indeed, Plaintiff cherry-picks quotes from Apple's website in an attempt to create the appearance of a misleading narrative.  The following sentence, which Plaintiff does not include in his Complaint, provides that "[b]uilt in privacy features *minimize* how much of your information is available to anyone but you . . . ."  *See* Exh. D, iPhone User Guide.  Later on the same page, Apple cautions that to take "maximum advantage of the security and privacy features built into iPhone," users must "follow these practices."  *Id.*  It goes on to list seven practices with detailed explanations. *Id.*  Generalized statements interspersed with cautionary language cannot form the basis for an FAL claim.  *See, e.g.*, *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 475 Fed. Appx. 113, 115 (9th Cir. 2012) (affirming dismissal of FAL claim where plaintiff relied on out-of-context statements because "no reasonable consumer is likely to" be misled by a term "when that term is adjacent to [a qualifying] phrase . . . .");  *see also Hairston v. S. Beach Beverage Co.*, No. CV 12–1429–JFW (DTBx), 2012 WL 1893818, at *4 (C.D. Cal. May 18, 2012) (dismissing complaint and holding that "Plaintiff's selective interpretation of individual words or phrases from a product's labeling cannot support a . . . FAL . . claim").  On this basis alone, Plaintiffs' FAL claim fails as a matter of law.

### ii.   Plaintiff's Vague and Conclusory Allegations Do Not Meet Rule 9(b)'s Heightened Pleading Standard

Plaintiff similarly fails to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which applies to FAL claims that sound in fraud.  *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) ("Because [plaintiff's] . . .FAL . . . cause[] of action

[is] grounded in fraud, the [complaint] must satisfy the . . . heightened pleading requirements of Rule 9(b)").  Thus, because Plaintiff alleges Apple's advertising was deliberately and knowingly misleading, *see* Compl. ¶¶ 97-100, Rule 9(b) applies.  Plaintiff must therefore identify (i) the purchased products, (ii) "the who, what, when, where, and how" of the purported misconduct, and (iii) why the statement complained of is false or misleading. *Janda v. TMobile, USA, Inc.*, No. C 05-03729 JSW, 2008 WL 4847116, at *4 (N.D. Cal. Nov. 7, 2008); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  The Complaint falls short on several fronts.

*First*, for the reasons explained above, Plaintiff does not allege concrete, specific facts as required by Rule 9(b) establishing how the statements were false or misleading ("the how").

*Second*, Plaintiff fails to specifically identify the purchased products.  It is impossible to tell from the Complaint which product Plaintiff purchased.  The Complaint refers only to an "iPhone," of which there have been over 30 versions.  It is well established within the Ninth Circuit that such a failure to the clearly identify the products at issue in consumer litigation renders pleadings insufficient under Rule 9(b). *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 824 (N.D. Cal. 2017) ("Plaintiffs must allege with specificity what products they purchased"); *Thomas v. Costco Wholesale Corp.*, No. 5:12–CV–02908 EJD, 2013 WL 1435292, at *9 (N.D. Cal. Apr. 9, 2013) (dismissing complaint that did "not clearly and unambiguously state which particular food products were purchased"); *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 903 (N.D. Cal. 2012) (consumer claims dismissed under Rule 9(b) because they "do not provide details of exactly which products they purchased"); *accord Surzyn v. Diamond Foods, Inc.*, No. C 14-0136 SBA, 2014 WL 2212216, at *5 (N.D. Cal. May 28, 2014) ("At a minimum, Defendant is entitled to fair notice of the particular product Plaintiff purchased").

*Third*, Plaintiff fails to allege on what date and where he purchased the iPhone with iCloud services enabled (the "when" and the "where").  The Complaint does not even attempt to put an approximate date on either the iPhone or iCloud purchase.  Moreover, Plaintiff asserts that Apple misled customers through statements on two of its webpages, its "iPhone User Guide" and "iCloud Security Overview," but does not allege he ever visited those pages in advance of his purchases, or even that those pages or Apple's allegedly misleading representations were online at the time of his

purchases.  This is a far cry from the bare minimum.  *See Safransky v. Fossil Grp., Inc.*, No. 17-cv-1865-MMA (NLS), 2018 WL 1726620, at *10 (S.D. Cal. Apr. 9, 2018) (illustrating that the "when" is satisfied where the plaintiff alleged the date of the purchase and that the plaintiff noticed the representation at issue before the purchase); *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 849 (N.D. Cal. 2018) (same); *see e.g.*, *Loomis*, 420 F. Supp. 3d at 1079.  ("Plaintiff alleges that on April 22, 2016 (the 'when')" it "purchased a Flex Belt . . . through Defendant's Amazon.com listing (the 'where')").

Accordingly, Plaintiff's FAL claim should be dismissed because he fails to plead it with sufficient particularity to place Apple on notice of the circumstances constituting the alleged fraud.

## IV.   **CONCLUSION**

For the foregoing reasons, the Court should dismiss the claims against Apple (Counts V and VII).  Plaintiff's negligence claim is fatally flawed because Plaintiff has not suffered any non-economic harm, and because Apple does not owe Plaintiff a duty as a matter of law.  Plaintiff cannot cure his FAL claim because Apple did not promise to completely immunize Plaintiff's iPhone and iCloud account from external infiltration, and Apple's advertising statements regarding its industry-leading security features could not possibly have misled a reasonable consumer on this point. Because amendment would be futile, dismissal should be with prejudice.  *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  November 4, 2022

/s/ *Sonal N. Mehta*
WILMER CUTLER PICKERING
   HALE AND DORR LLP
Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.:  (650) 600-5051
Fax:  (650) 858-6100

WILMER CUTLER PICKERING
   HALE AND DORR LLP
Joshua A. Vittor (SBN 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071 USA
Tel.:  (213) 443-5300
Fax:  (213) 443-5400

*Attorneys for Defendant*
*Apple Inc.*