WILMER CUTLER PICKERING
    HALE AND DORR LLP
Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel.: (650) 600-5051
Fax: (650) 858-6100

WILMER CUTLER PICKERING
    HALE AND DORR LLP
Joshua A. Vittor (SBN 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071 USA
Tel.: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendant
Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCESCO CORALLO,<br><br>        Plaintiff,<br><br>  v.<br><br>NSO GROUP TECHNOLOGIES LIMITED,<br>Q CYBER TECHNOLOGIES LIMITED, and<br>APPLE INC.<br>        Defendants. | Case No. 3:22-cv-05229-RS<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO DISMISS COMPLAINT**<br><br>**DATE:** December 15, 2022<br>**TIME:** 1:30 pm<br>**DEPT.:** Courtroom 3 - 17th Floor<br>**JUDGE:** Hon. Richard Seeborg |

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Defendant Apple Inc. ("Apple") respectfully requests that the Court take judicial notice of the following documents, which are attached to the concurrently-filed Declaration of Joshua A. Vittor ("Vittor Decl."):

- **Vittor Decl., Exhibit B:** A true and correct copy of Apple's Apple Media Services Terms and Conditions (last revised May 13, 2019).  This document is publicly available at https://web.archive.org/web/20190514051751mp_/https://www.apple.com/legal/internet-services/itunes/us/terms.html.

- **Vittor Decl., Exhibit C:** A true and correct copy of Apple's iCloud Terms and Conditions (last revised September 13, 2019).  This document is publicly available at https://web.archive.org/web/20191011155610mp_/https://www.apple.com/legal/internet-services/icloud/en/terms.html.

## II. ARGUMENT

Federal Rule of Evidence 201 provides that a court may take judicial notice of a fact "not subject to reasonable dispute [and] … capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court may take judicial notice "at any stage of the proceeding," including in ruling on a motion to dismiss.  Fed. R. Evid. 201(f); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (stating that when ruling on a motion to dismiss a court must consider the complaint in its entirety, including documents incorporated into the complaint by reference and matters of which a court may take judicial notice).  The Court may take judicial notice of matters that are either (1) generally known within the trial court's territorial jurisdiction, (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, or (3) not subject to reasonable dispute.  Fed. R. Evid. 201(b).  Proper subjects of judicial notice on a motion to dismiss include "matters of public record" and publicly accessible websites.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-999 (9th Cir. 2010).

Here, the Court may take judicial notice of Exhibits B and C. Exhibits B and C are webpages from Apple's website that describe Apple's terms of service. The information contained in Exhibits B and C are not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. *See* Fed R. Evid. 201(b). Exhibits B and C were publicly available on Apple's website and are currently publicly available through the Wayback Machine. Courts routinely find that publicly available websites, including those available through the Wayback Machine, are the proper subject of a request for judicial notice where, as here, there is no reasonable dispute regarding the information. *See Diep v. Apple, Inc.*, No. 21-CV-10063-PJH, 2022 WL 4021776, at *2 (N.D. Cal. Sept. 2, 2022) (taking judicial notice of Apple's terms of service); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (taking judicial notice of Google's terms of service); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (same); *Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

### III. CONCLUSION

The Court should take judicial notice of Exhibits B and C for the reasons stated above.

Dated: November 4, 2022

WILMER CUTLER PICKERING
HALE AND DORR LLP

By:  /s/ *Sonal N. Mehta*
Sonal N. Mehta

*Attorney for Defendant
Apple Inc.*