Carlos F. Osorio (*pro hac vice admission pending*)
Florida Bar No. 597546
cosorio@osorioint.com
W. Daniel Zafutto (*pro hac vice admission pending*)
Florida Bar No. 743461
dzafutto@osorioint.com
Andres F. Rey (*pro hac vice admission pending*)
Florida Bar No. 118875
arey@osorioint.com
**OSORIO INTERNACIONAL, P.A.**
175 S.W. 7 Street, Suite 1800
Miami, FL 33130
Tel: 305-900-4103

George J. Vila (*pro hac vice admission pending*)
Florida Bar No. 141704
gvila@gjvpa.com
**GEORGE J. VILA, P.A.**
201 Alhambra Circle, Suite 702
Coral Gables, FL 33134-5111
Tel: 305-445-2540

Monte S. Travis (CA Bar No. 84032)
montetravis@mac.com
Robert P. Travis (CA Bar No. 182667)
robert.p.travis@icloud.com
**TRAVIS & TRAVIS**
1160 Battery Street East, Suite 100
San Francisco, CA 94111-1231
Tel: 415-939-0576

Attorneys for Plaintiff
Francesco Corallo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCESCO CORALLO, | **Case No. 3:22-cv-05229-RS** |
| Plaintiff, | **MOTION TO SERVE NSO DEFENDANTS BY E-MAIL** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED, Q CYBER TECHNOLOGIES LIMITED, and APPLE, INC., | |
| Defendants. | |

-1-

Plaintiff FRANCESCO CORALLO ("**Corallo**") moves to permit service of process on Defendants NSO GROUP TECHNOLOGIES LIMITED ("**NSO**") and Q CYBER TECHNOLOGIES LIMITED ("**Q Cyber**") (collectively the "**NSO Defendants**") by email, and in support states as follows:

1. Plaintiff filed this action against NSO Defendants and Defendant APPLE, INC. ("**Apple**") for damages and injunctive relief pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and for California state law claims for invasion of privacy, civil conspiracy, negligence, California's Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502, California's False Advertising Law, Cal. Bus. and Prof. Code, §§ 17500, *et seq.,* and intentional inflict of emotional distress.[1]

2. Apple was served with process on September 23, 2022. Apple moved to dismiss and said motion is fully briefed and awaiting a ruling on the papers.

3. Plaintiff Corallo made diligent efforts to serve the NSO Defendants in the United States but was unable to do so. Thereafter, on October 26, 2022, Plaintiff Corallo filed a Motion to Serve NSO Defendants by Federal Express or Other International Courier (D.E. 30). On November 10, 2022, the Court granted the motion allowing Corallo to serve the NSO Defendants by FedEx or other international courier. (D.E. 33).

4. In accordance with the Court's Order, on November 11, 2022 Corallo attempted to serve the NSO Defendants by FedEx by sending a package of all pleadings and other documents filed in this matter to the NSO Defendants' last known address at 22 Galgalei Haplada, Herziya,

---

[1] In particular, this action seeks redress for NSO Defendants' torts in violation of the law of nations and international law from their systematic abuse of human rights, targeting, harassment, persecution, intentional infliction of emotional distress, invasion of privacy, as well as other offensive and actionable conduct. This action also raises claims for violations of federal and state law arising out of the NSO Defendants' egregious, deliberate, and intentional hacking of Corallo's Apple iPhone device and iCloud account through the use of surveillance technology or "spyware," including NSO Defendants' Pegasus spyware and FORCEDENTRY security exploit (used to deploy NSO Defendants' Pegasus spyware onto the Apple user's devices). Plaintiff also seeks damages against Apples for its negligence in failing to (1) warn (2) prevent and/or (3) adequately and reasonably defend against the hacking by NSO Defendants despite Apple's knowledge that NSO Defendants were actively targeting its customers with their malware and spyware and other surveillance technology, and for falsely advertising its ability to prevent such cyberattacks.

Israel 4672222.

5. The FedEx package was returned to undersigned's office in Miami, Florida on November 18, 2022 with a note stating "RTS Restricted Export RTS." After speaking with FedEx, the undersigned was told the Israeli address is in a restricted government area in that country where couriers cannot enter. A copy of the return label is attached as **Exhibit "A"**.

6. Plaintiff is unaware of any other physical addresses where to serve Defendants NSO by international courier besides this restricted address in Israel.

7. Accordingly, Plaintiff has now exhausted all efforts to physically serve the NSO Defendants and the remaining option is to serve those Defendants electronically, which is something permitted by Rule 4 with an appropriate showing.

8. As discussed below, Plaintiff suggest such as showing has been made.

9. Pursuant to Rule 4(f)(3) the Federal Rules of Civil Procedure, Plaintiff now requests the Court to allow alternate service of process on NSO Defendants via email at info@nsogroup.com and media@nsogroup.com. The email address are found on the NSO Defendants' website, www.nsogroup.com, under the "CONTACT US" tab; "For general inquires, email inso@nsogroup.com" and "For press inquires, email media@nsogroup.com." Based on our review, this website is regularly updated given that the website's "NEWS" tab has new content as of less than a week ago, with a new posting made on December 15, 2022.

## PERTINENT LEGAL AUTHORITIES

10. The authority to grant this motion is based on Rule 4(f), specifically, Rule 4(f)(3).

11. The logic to arrive at that conclusion begins at Rule 4(h)(2). Rule 4(h)(2) authorizes service on a business entity in any prescribed by Rule 4(f) for individuals[2]. *See* Fed.R.Civ.P.

---

[2] Rule 4(h) provides:

(h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
(1) in a judicial district of the United States:
(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

4(h)(2).

12.     Rule 4(f)(3), in turn, allows for service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders."  *See* Fed.R.Civ.P. 4(f)(3).  "[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant."  *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (citation omitted).[3]

13.     Prior approval is required for service pursuant to Rule 4(f)(3).  *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004) (a party "must obtain prior court approval for the alternative method of serving process.").  However, a party "need not have attempted every permissible means of service of process before petitioning the court for alternative relief."  *Rio Properties*, 284 F.3d at 1016.  Instead, a party  "need[] only to demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention."  *Id.*

14.     Moroever, "[e]ven if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

---

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed.R.Civ.P. 4(h).

[3] *See also id.* (citations and footnote omitted) ("By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1)4 or Rule 4(f)(2). Indeed, Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction 'or.'  Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently on equal footing.  Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.").

opportunity to present their objections.'" *Rio Properties*, 284 F.3d at 1016-17 (*quoting Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

15. Israel is a signatory to the Hague Convention and has not objected and does not prohibit service of process by e-mail. The Hague Convention permits service by e-mail if not objected to by the signatory county. Moreover, service by e-mail has been permitted by federal courts. *See e.g., Sec. & Exch. Comm'n v. Spot Tech House, Ltd.*, 221CV00632JCMDJA, 2021 WL 3674515, at *2 (D. Nev. June 11, 2021) ("Accordingly, the Court concludes that, under the facts in this action, service upon Diaz by the means set forth in the Court's Order Authorizing Service, including service by electronic mail, is fully authorized by Federal Rule of Civil Procedure 4(f)(3), as incorporated by Federal Rule of Bankruptcy Procedure 7004."); *see also Rio Properties*, 284 F.3d at 1016 ("Applying this proper construction of Rule 4(f)(3) and its predecessor, trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email."); *Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560 (E.D.Tenn.,2004) ("Accordingly, the court concludes that, under the facts in this action, service upon defendant by e-mail is fully authorized by Federal Rule of Civil Procedure 4(f)(3). Indeed, it is the method of service most likely to reach defendant. Service of process by e-mail is reasonably calculated to apprize defendant of the pendency of this action and afford it an opportunity to respond.").

## CONCLUSION

16. Under the circumstances described in this motion, which includes diligent yet unsuccessful attempts to serve in the United States as well as diligent yet unsuccessful attempts to serve via courier in Israel, Plaintiff's proposed method of service via e-mail would be consistent with US due process and would not offend Israeli law.

17. Plaintiff's request for alternate service of process under Rule 4 is made in good faith and would assist in the progress of this case. Moreover, granting Plaintiff's request to serve NSO Defendants by e-mail, will not prejudice any party.

**WHEREFORE**, Plaintiff requests that the Court grant its Motion to Serve NSO

Defendants by e-mail and authorize Plaintiff to serve NSO Defendants in Israel by e-mail.

Dated: December 21, 2022          **OSORIO INTERNACIONAL, P.A.**

/s/ *Carlos F. Osorio*
Carlos F. Osorio (*pro hac vice admission*)
Attorneys for Plaintiff Francesco Corallo

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 21st day of December 2022 a true and correct copy of the foregoing was served by Notice of Electronic Filing (CM/ECF) upon all registered users in this case.

*/s/ Carlos F. Osorio*
Carlos F. Osorio, Esq., B.C.S.