Carlos F. Osorio (*pro hac vice admission pending*)
Florida Bar No. 597546
cosorio@osorioint.com
W. Daniel Zafutto (*pro hac vice admission pending*)
Florida Bar No. 743461
dzafutto@osorioint.com
Andres F. Rey (*pro hac vice admission pending*)
Florida Bar No. 118875
arey@osorioint.com
**OSORIO INTERNACIONAL, P.A.**
175 S.W. 7 Street, Suite 1900
Miami, FL 33130
Tel: 305-900-4103

George J. Vila (*pro hac vice admission pending*)
Florida Bar No. 141704
gvila@gjvpa.com
**GEORGE J. VILA, P.A.**
201 Alhambra Circle, Suite 702
Coral Gables, FL 33134-5111
Tel: 305-445-2540

Monte S. Travis (CA Bar No. 84032)
montetravis@mac.com
Robert P. Travis (CA Bar No. 182667)
robert.p.travis@icloud.com
**TRAVIS & TRAVIS**
1160 Battery Street East, Suite 100
San Francisco, CA 94111-1231
Tel: 415-939-0576

Attorneys for Plaintiff
Francesco Corallo

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| FRANCESCO CORALLO, | **Case No. 3:22-cv-05229-RS** |
| Plaintiff, | **PLAINTIFF FRANCESCO CORALLO'S RESPONSE IN OPPOSITION TO DEFENDANT APPLE, INC'S ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE AND STAY DISCOVERY** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED, Q CYBER TECHNOLOGIES LIMITED, and APPLE, INC., | |
| Defendants. | |

-1-

1          Plaintiff FRANCESCO CORALLO ("**Plaintiff**" or "**Corallo**") hereby submits this

2   response in opposition to the Administrative Motion to Continue Case Management Conference

3   and Stay Discovery ("**Motion to Continue and Stay**") filed by Defendant Apple, Inc. ("**Apple**"),

4   and in support states as follows:

5          1.    Plaintiff filed this action against Defendant APPLE, INC. ("**Apple**") and

6   Defendants NSO GROUP TECHNOLOGIES LIMITED ("**NSO**") and Q CYBER

7   TECHNOLOGIES LIMITED ("**Q Cyber**")[1] for damages and injunctive relief pursuant to the

8   Alien Tort Claims Act, 28 U.S.C. § 1350, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030,

9   and for California state law claims for invasion of privacy, civil conspiracy, negligence,

10  California's Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502,

11  California's False Advertising Law, Cal. Bus. and Prof. Code, §§ 17500, *et seq.,* and intentional

12  inflict of emotional distress.[2]

13         2.    Apple was served with process on September 23, 2022, and after seeking several

14  weeks delay in responding to the Complaint Apple eventually filed a Motion to Dismiss pursuant

15  to Federal Rule of Civil Procedure 12(b)(6) on November 4, 2022. *See* ECF. No. 32 ("**MTD**").

16  The MTD is fully briefed and under the Court's consideration.

17         3.    The NSO Defendants have not yet been served. Plaintiff made diligent efforts to

18  serve the NSO Defendants in the United States but was unable to do so. Thereafter, on October

19  26, 2022, Plaintiff filed a Motion to Serve NSO Defendants by Federal Express or Other

---

[1] NSO and Q Cyber are collectively referred to as the "**NSO Defendants**".

[2] In particular, this action seeks damages against Apple for its negligence in failing to (1) warn (2) prevent and/or (3) adequately and reasonably defend against the hacking by the NSO Defendants despite Apple's knowledge that the NSO Defendants were actively targeting its customers with their malware and spyware and other surveillance technology, and for falsely advertising its ability to prevent such cyberattacks. Plaintiff also seeks redress for the NSO Defendants' torts in violation of the law of nations and international law from their systematic abuse of human rights, targeting, harassment, persecution, intentional infliction of emotional distress, invasion of privacy, as well as other offensive and actionable conduct. This action also raises claims for violations of federal and state law arising out of the NSO Defendants' egregious, deliberate, and intentional hacking of Corallo's Apple iPhone device and iCloud account through the use of surveillance technology or "spyware," including the NSO Defendants' Pegasus spyware and FORCEDENTRY security exploit (used to deploy the NSO Defendants' Pegasus spyware onto the Apple user's devices).

International Courier.  See ECF No. 30.  On November 10, 2022, the Court granted the motion allowing Corallo to serve the NSO Defendants by FedEx or other international courier. *See* ECF No. 33.  However, Plaintiff's attempt to serve the NSO Defendants via Federal Express was unsuccessful.  The FedEx package was returned to counsel for Plaintiff's office in Miami, Florida on November 18, 2022 with a note stating "RTS Restricted Export RTS." After speaking with FedEx, the undersigned was eventually told that the Israeli address (NSO Defendants' last known address) is in a restricted government area in that country where couriers cannot enter.  As a result on December 21, 2022 Plaintiff filed a second motion requesting to serve the NSO Defendants via email.  *See* ECF No. 47.

4.      Apple is attempting to exploit Plaintiff's difficulty in serving the NSO Defendants, and is seeking to delay this proceeding and the inevitable, and has asked the Court to continue the Case Management Conference ("**CMC**"), currently set for January 19, 2023 (*see* ECF. No. 38), and has also requested an indefinite stay of all discovery in this case pending (1) the resolution of Apple's MTD (*see* ECF No. 32), and (2) the appearance of the NSO Defendants.  *See* Motion to Continue and Stay, p. 1.

5.      A pending motion to dismiss does not ordinarily warrant a stay of discovery.  "[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  Indeed, district courts look unfavorably upon such blanket stays of discovery." *Mlejnecky v. Olympus Imaging Am., Inc.*, 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) (citations omitted); *see also Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995) (citation and quotation marks omitted) ("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation").

6.      In addition, "[a] party seeking a stay of discovery carries a heavy burden of making a 'strong showing' why discovery should be denied.  The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Skellerup Indus. Ltd.*, 163 F.R.D. at 600 (citation omitted); *see also Gray v. First Winthrop Corp.*,

-3-

1    133 F.R.D. 39, 40 (N.D.Cal.1990) ("The moving party must show a particular and specific need

2    for the protective order, as opposed to making stereotyped or conclusory statements.").

3        7.    "Courts in this district have applied a two-pronged test to determine whether

4    discovery should be stayed pending resolution of a dispositive motion.  First, a pending motion

5    must be potentially dispositive of the entire case, or at least dispositive on the issue at which

6    discovery is directed.  Second, the court must determine whether the pending motion can be

7    decided absent discovery." *Serenium, Inc. v. Zhou*, 20-CV-02132-BLF (NC), 2021 WL 7541379,

8    at *1 (N.D. Cal. Feb. 11, 2021) (citations omitted).  "If the Court answers these two questions in

9    the affirmative, a protective order may issue.  However, if either prong of this test is not

10   established, discovery proceeds." *Id.*  "In applying this two-factor test, the court must take a

11   "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is

12   warranted." *Id.* (citation omitted).

13       8.    Apple argues that "there is good cause to wait to hold the CMC until after the Court

14   rules on Apple's pending motion to dismiss, which if granted would dispose of the entire case as

15   to Apple, or could otherwise affect the parties' positions on the scope and nature of anticipated

16   discovery and scheduling" and that "[i]t is also in the interest of both Court and party efficiency to

17   continue the CMC and stay discovery until the NSO Defendants have appeared so the case can

18   proceed on a single schedule applicable to all parties." *Id.*  According to Apple, "there is no

19   cognizable prejudice to [Plaintiff] from a modest delay, especially where he has still not served

20   the NSO Defendants and has not made diligent efforts to do so." *Id.*

21       9.    Plaintiff disagrees.  To be clear, Plaintiff objects to continuing the CMC set for

22   January 19, 2023, and even more strenuously objects to the unnecessary and unjustified stay of

23   discovery.

24       10.   Here, there is no good cause to delay the CMC or to stay all discovery in this case,

25   especially against Apple, which has been served and can show no reason to be protected from

26   discovery done in accordance with the rules.

27       11.   First, the CMC should move forward as scheduled.  As expressed to Apple's

28   counsel prior to its motion, Apple and Plaintiff are more than capable of complying with the

-4-

1   requirements for the upcoming CMC scheduled for January 19th.  *See* Motion to Continue and

2   Stay, Ex. B.  The parties' Case Management Statement ("**CMS**") is due one week before the CMC

3   on January 12th.  Plaintiff intends to provide Apple's counsel a draft CMS with sufficient time

4   prior to the January 12th deadline so that the parties can timely file same.  The NSO Defendants'

5   potential absence from the CMC as scheduled will not hinder the Court's ability to enter a

6   definitive Case Management Scheduling Order in this case, and will at a minimum allow the parties

7   an opportunity to work through any now known scheduling issues with the Court.  If there is a

8   need to make any changes to the scheduling order after the NSO Defendants' appearance (which

9   presumably will be soon should the Court grant Plaintiff's pending motion to serve the NSO

10  Defendants by email), any such changes can be easily done though motion practice or by

11  agreement of the parties.  There is no reason to delay moving this case forward or to prevent the

12  entry of a Case Management Scheduling Order.

13          12.     **Second, and more importantly, there is no justification for an indefinite stay**

14  **or limitation on discovery as to Apple.**  In taking a "preliminary peek" at Apple's pending motion

15  to dismiss, it is apparent that Apple has not shown good cause to warrant a stay of discovery.  As

16  noted, the first prong requires that the pending motion "be potentially dispositive of the entire case,

17  or at least dispositive on the issue at which discovery is aimed."  *Mlejnecky*, 2011 WL 489743, at

18  *6; *see also id.* at *5 (*citing Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) ("The Ninth

19  Circuit Court of Appeals has held that in a context of a pending motion to dismiss for failure to

20  state a claim on which relief can be granted, a district court may enter a protective order staying

21  discovery, on a showing of good cause, when the district court **'is convinced that the plaintiff**

22  **will be unable to state a claim for relief.'**").  Here, Apple has not established that Plaintiff will

23  be unable to construct a claim for relief.   Apple's motion to dismiss, even if meritorious, will not

24  dispose of the case — that is, the MTD does not establish that Plaintiff will be unable to state a

25  claim for relief.  This is not a case where Apple has argued lack of jurisdiction or statute of

26  limitations as grounds for dismissal, which would be case dispositive if granted.  Instead, Apple's

27  MTD is based primarily on pleading deficiencies, which even if legally correct (which Plaintiff

28  denies), Plaintiff should be entitled (and will likely be given the opportunity) to amend to fix.

-5-

1    Accordingly, Apple has not met the first prong of the test to determine whether discovery should

2    be stayed as outlined above.

3         13.    Moreover, upon information and belief, although the facts regarding this dispute

4    and the parties' conduct are factually interrelated, Plaintiff's claims against Apple are independent

5    from those alleged against the NSO Defendants.  As such, Plaintiff should be able to conduct

6    discovery against Apple to develop the facts and issues related to its claims against it despite

7    having not yet served the NSO Defendants.  Although Apple has filed a MTD, Apple is still a party

8    in this litigation and is obligated to participate in this proceeding just like any other party litigant.

9    Apple is not excused from its obligations under the Federal Rules Civil Procedure or Local Rules,

10   including discovery, simply because it has filed a MTD.  Apple's attempt to block all discovery

11   based on Plaintiff's difficulty in serving the NSO Defendants (despite Plaintiff's diligent efforts)

12   is opportunistic and dilatory.  Plaintiff should not be prevented from developing the record

13   regarding its claims against Apple just because there is a pending MTD or because it has

14   encountered difficulties serving other defendants with claims that are independent from those

15   alleged against Apple.[3]

16        WHEREFORE, Plaintiff requests that the Court deny Apple's Administrative Motion to

17   Continue Case Management Conference and Stay Discovery, and proceed with the CMC

18   scheduled for January 19, 2023 and allow discovery to be conducted in normal course and without

19   limitation in accordance with the Federal Rules of Civil Procedure and Local Rules.

20   Dated: December 27, 2022          **OSORIO INTERNACIONAL, P.A.**

21                        /s/ *Carlos F. Osorio*

22                        Carlos F. Osorio (*pro hac vice admission*)
                          Attorneys for Plaintiff Francesco Corallo

23

24

25

26

27   [3] Moreover, it should be noted that Plaintiff has already provided Apple's counsel with an
     extension with respect to the parties' Rule 26(f) obligations (including initial disclosures) until
28   after the holidays.  *See* Motion to Continue and Stay, Ex. B.

1

2 ## <u>ATTESTATION</u>

3 I, Monte S. Travis, attest that all other signatories listed above concur in this filing's content

4 and have authorized me to make this filing.

5 Dated: December 27, 2022          Respectfully submitted,

6 /s/ *Monte S. Travis*

7 Monte S. Travis

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-