UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCESCO CORALLO,

    Plaintiff,

    v.

NSO GROUP TECHNOLOGIES LIMITED, et al.,

    Defendants.

Case No. 22-cv-05229-RS

**ORDER GRANTING MOTION FOR LEAVE TO SERVE BY EMAIL**

Plaintiff Francesco Corallo moves for leave to serve summons and complaint on defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively "NSO Defendants") via email. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for February 9, 2023, is vacated.

Corallo previously sought and was granted leave to serve NSO Defendants by Federal Express or other international courier. The documents were returned undelivered, however, with a note stating "RTS Restricted Export RTS." Corallo contacted Fedex and was advised the delivery address is in a restricted government area that couriers are prohibited from entering. Lacking any other physical address for NSO Defendants, Corallo proposes to serve them via email at info@nsogroup.com and media@nsogroup.com, addresses listed on their website, www.nsogroup.com, under the "CONTACT US" tab.

Federal Rule of Civil Procedure 4(f)(3) provides service in a foreign country may be effected "by other means not prohibited by international agreement, as directed by the court." In

addition, the method must comport with "constitutional notions of due process." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "Service by email alone comports with due process when a plaintiff demonstrates that the email is likely to reach the defendant." *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 217 (S.D.N.Y. 2021). The decision whether to allow alternative methods of serving process is left to the "sound discretion of the district court." *Rio Properties*, 284 F.3d. at 1016; *see also Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004) (rejecting service by email because plaintiffs did not obtain prior court approval).

A plaintiff need not attempt "every permissible means of service" of process before petitioning the court for alternative relief. *Rio Properties*, 284 F.3d. at 1016. In *Rio Properties*, the plaintiff filed suit against defendant RII, a Costa Rican entity. *Id*. at 1012. The plaintiff unsuccessfully attempted to serve the defendant at its listed United States address, as well as asking the defendant's attorney to accept service. *Id*. at 1013. The Ninth Circuit approved the use of email service, holding it was sufficient because it was the method most likely to reach defendant. *Id*. at 1017; *see also St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-cv-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (allowing service by social media because the defendant had an active Twitter account and used it to communicate with his audience).

Here, the requirements for service by email are met. Israel is a signatory to the Hague Convention and has not objected service of process by e-mail. Corallo has made reasonable efforts to serve NSO defendants by more conventional means, to no avail. Corallo has shown it is reasonable to presume the documents will reach the NSO Defendants, as they actively update their web page. Accordingly, the motion is granted.

**IT IS SO ORDERED**.

Dated: February 2, 2023

_____
RICHARD SEEBORG
Chief United States District Judge