UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCO CORALLO,<br>             Plaintiff,<br>    v.<br>NSO GROUP TECHNOLOGIES LIMITED, et al.,<br>             Defendants. | Case No. 22-cv-05229-RS<br><br>**ORDER** |

      In September of 2022, plaintiff Francesco Corallo filed this action against NSO Group Technologies Limited and its affiliate, Q Cyber Technologies Limited (collectively "NSO"). Corallo knew, or should have known, that NSO held purported jurisdictional defenses that it was likely to assert. NSO did not acquiesce to service through local counsel, and Corallo was ultimately required to obtain court authorization for alternate service under Federal Rule of Civil Procedure 4(f)(3).

      After it was eventually served, on March 10, 2023, NSO moved to dismiss for lack of personal jurisdiction, or in the alternative, for dismissal under the doctrine of *forum non conveniens.* The day its opposition was due, Corallo attorneys "reached out" to counsel for NSO to seek an agreement to postpone the motion, pending jurisdictional discovery. Counsel for NSO, whose client was unavailable due to the Shabbat observance in Israel, was unsurprisingly in no

position to make such a last-minute agreement.[1]

Corallo ultimately filed an opposition that was technically timely, but which contained no opposition on the merits of NSO's personal jurisdiction and *forum non conveniens* arguments. Corallo's brief also lacked any concrete, detailed description of the discovery he proposed should first be taken.

NSO now argues its motion should be granted both because it has merit (according to NSO) and because Corallo has offered not substantive points in opposition, relying instead on a defective procedural request for additional time to conduct unspecified discovery (that would be unwarranted in any event, in NSO's view.) Absent a degree of prejudice that does not appear here, however, resolutions on the merits are always to be preferred. Accordingly, the hearing on NSO's motion to dismiss, currently set for May 18, 2023, is vacated. In the next two weeks, counsel for NSO and counsel for Corallo shall meet face-to-face, or via video technology, to attempt to reach an agreement on limited, narrowly-targeted discovery, that can be completed in no more than 45 days, directed at the personal jurisdiction and forum *non conveniens* issues raised in this motion.

At the conclusion of their meet and confer negotiations, the parties shall file a joint statement with the court advising as to what, if any, agreements have been reached, including the anticipated completion date of any agreed-to discovery. Upon receipt of the parties' joint statement, an order will issue setting out a new schedule for remaining briefing and any hearing.

Dated: April 6, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] That Corallo may have been in technical compliance with the rule that a party must seek relief *before* the applicable deadline expires does not excuse his failure to make reasonable efforts earlier to avoid this 12th-hour problem.

CASE NO. 22-cv-05229-RS

2