1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCESCO CORALLO,

Plaintiff,

v.

NSO GROUP TECHNOLOGIES
LIMITED, et al.,

Defendants.

Case No. 22-cv-05229-RS

**ORDER RE PROTECTIVE ORDER DISPUTE**

Defendants have filed a motion, noticed for July 6, 2023, seeking entry of a general protective order to govern materials produced in discovery. Defendants also filed a motion under Civil Local Rule 6-3 to require opposition to the motion for a protective order to be filed on shortened time and the matter then decided without further briefing or oral argument. Plaintiff has not responded to the Rule 6-3 motion, and the time for doing so has expired.

It appears plaintiff does not necessarily dispute that entry of a general protective order may become appropriate—he has stated a willingness to negotiate that issue once defendants serve their written responses to the pending jurisdictional discovery. Defendants insist under the particular circumstances here, a protective order needs to be in place prior to substantive meet and confer negotiations regarding their discovery objections. Even if that is so, however, it is unclear why they believed it was necessary to file their motion for a protective order prior to serving their written responses. Given plaintiff's statements that he would consider a protective order upon review of those responses, defendants appear to have acted precipitously.

1    That said, it is also unclear why plaintiff believed it necessary to see the written responses

2    before negotiating, and agreeing to, a general protective order. On their face, at least some of

3    plaintiff's document requests implicate subject areas that plausibly implicate legitimate

4    confidentiality issues. Moreover, entry of a general protective order does not constitute a

5    determination that any specific document warrants protection thereunder, nor does such an order

6    preclude legitimate use within the litigation of any information a party may produce.

7    In short, negotiating a general protective order should not require court intervention.

8    Absent highly unusual circumstances, such orders are not prejudicial, and they will be entered if

9    requested by a party. Accordingly, the parties are directed to resume their negotiations, which

10   shall be held in person or by phone or video conference, unless a resolution is promptly reached

11   by email. If no agreement can be reached, plaintiff may file an opposition to defendants' motion

12   no later June 16, 2023, and the matter will then be taken under submission without further briefing

13   or a hearing. Otherwise, and preferably, the parties shall submit a proposed protective order by

14   that same date.

15   Although the court is addressing this issue directly, any disputes regarding the discovery

16   requests, responses, and document productions will be referred to a magistrate judge, as

17   previously noted. The strong expectation remains, however, that the parties will be able to resolve

18   all further discovery issues without court intervention.

19

20   **IT IS SO ORDERED**.

21

22   Dated: June 6, 2023

23   _____

24   RICHARD SEEBORG
     Chief United States District Judge

25

26

27

28

CASE NO. 22-cv-05229-RS

2

United States District Court
Northern District of California