1

Carlos F. Osorio (*pro hac vice admission*)
Florida Bar No. 597546
2
cosorio@osorioint.com
Andres F. Rey (*pro hac vice admission*)
3
Florida Bar No. 118875
arey@osorioint.com
4
**OSORIO INTERNACIONAL, P.A.**
175 S.W. 7 Street, Suite 1900
5
Miami, FL 33130
Tel: 305-900-4103
6

7
George J. Vila (*pro hac vice admission*)
Florida Bar No. 141704
gvila@gjvpa.com
8
**GEORGE J. VILA, P.A.**
201 Alhambra Circle, Suite 702
9
Coral Gables, FL 33134-5111
Tel: 305-445-2540
10

11
Monte S. Travis (CA Bar No. 84032)
montetravis@mac.com
Robert P. Travis (CA Bar No. 182667)
12
robert.p.travis@icloud.com
**TRAVIS & TRAVIS**
13
1160 Battery Street East, Suite 100
San Francisco, CA 94111-1231
14
Tel: 415-939-0576

15
Attorneys for Plaintiff
Francesco Corallo
16

17

18

19

20

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| 21 FRANCESCO CORALLO, | **Case No. 3:22-cv-05229-RS** |
| 22 Plaintiff, | **PLAINTIFF'S REPORT AS TO JUNE 6, 2023 ORDER AS TO PROTECTIVE ORDER DISPUTE** |
| 23 v. | |
| 24 NSO GROUP TECHNOLOGIES LIMITED, Q CYBER TECHNOLOGIES LIMITED, and APPLE, INC., | |
| 25 | |
| 26 Defendants. | |

27

28

Plaintiff FRANCESCO CORALLO ("**Corallo**" or "**Plaintiff**") files this report as to the Court's June 6, 2023 order (ECF 80) as to protective order dispute, and states as follows:

1. The Court has allowed jurisdictional discovery to go forward with respect to Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED (the "**NSO Defendants**"). NSO Defendants had been opposed to any jurisdictional discovery.

2. Pursuant to Court order dated May 16, 2023 (ECF 73), that discovery was permitted to be in the form of document requests as to jurisdictional issues.

3. As briefed to the Court, and is of-record, NSO Defendants served extensive objections to all jurisdictional discovery requested. No production has been made by NSO Defendants.

4. In the May 16, 2023 Order, the Court instructed the parties to meet and confer on objections to the document request and to report by June 30, 2023. As the Court stated, a Magistrate may need to decide intractable discovery disputes remaining.

5. Plaintiffs have attempted to schedule a meet-and-confer on NSO Defendants' extensive and complete objection to making discovery. Plaintiff has so far been unsuccessful but is optimistic that such a meet-and-confer could be accomplished by next week so as to dutifully report by the June 30, 2023 status report deadline.

6. Defendants' filed a motion or entry of confidentiality order covering their potential production but did so simultaneously to Plaintiff receiving written responses/objections to discovery requests. Plaintiff stated in a filing made on June 6, 2023 (ECF 79) that Plaintiff was happy to meet and confer on the need and scope for a confidentiality order once written

responses/objections to the requests were in hand.[1]    Given the very lengthy nature of the responses/objections, they required analysis.

7.    On June 6, 2023 (ECF 80), the Court ordered as follows in relation to NSO Defendants' motion for entry of confidentiality order:  "Accordingly, the parties are directed to resume their negotiations, which shall be held in person or by phone or video conference, unless a resolution is promptly reached by email. If no agreement can be reached, plaintiff may file an opposition to defendants' motion no later June 16, 2023, and the matter will then be taken under submission without further briefing or a hearing. Otherwise, and preferably, the parties shall submit a proposed protective order by that same date."

8.    As stated above, a status report on the meet-and-confer on jurisdictional discovery issues is due by June 30, 2023.  Meanwhile, certain filings are also due by June 16, 2023 as to the proposed confidentiality order.

9.    With these two dates in mind, and in order to be practical, Plaintiff respectfully suggests that the need and scope for a confidentiality order is dependent on the result of the meet and confer process on discovery objections, for which the parties have until June 30, 2023 to decide which issues remain.

10.    Accordingly, since the parties have so far not been able to schedule a date and time to meet and confer on pending discovery objections as well as the confidentiality order issue, Plaintiff respectfully suggests that the meet and confer process on both items be conducted and concluded by the end of next week, June 23, 2023, with a status report to follow immediately thereafter, to determine what issues are intractable and require referral to the Magistrate.

11.    Alternatively, Plaintiff suggests that their June 6, 2023 filing (ECF 79) is their response

---

[1] "Plaintiff will confer with NSO Defendants, as ordered by the Court, as to the pending objections to jurisdictional discovery requests and demand for entry of a broad confidentiality order with an attorney's eyes provision. Plaintiff will also confer with NSO Defendants as to their lack of document production and will report to the Court on or before June 30, 2023, as ordered."  ECF 79 at p. 4.

to Defendants' request for entry of confidentiality order and requests all references to attorney's-eyes only be stricken for lack of showing of need for same.

Dated: June 16, 2023

Respectfully submitted,

**OSORIO INTERNACIONAL, P.A.**

_/s/ Carlos F. Osorio_
Carlos F. Osorio (*pro hac vice admission*)
Attorneys for Plaintiff Francesco Corallo

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 16th day of June, 2023, a true and correct copy of the foregoing was electronically filed via the CMECF Filing Portal, which will serve this Notice on all counsel of record.

_/s/ Carlos F. Osorio_
Carlos F. Osorio (*pro hac vice admission*)

-4-