UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCO CORALLO,<br><br>    Plaintiff,<br><br>  v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, et al.,<br><br>    Defendants. | Case No. 22-cv-05229-RS<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER** |

Defendants filed a noticed motion seeking entry of a general protective order to govern materials produced in discovery, together with a request to have the matter heard on shortened time. Because plaintiff acknowledged entry of a general protective order might be appropriate and stated his willingness to negotiate one upon receiving defendants' written discovery responses, on June 6, 2023, the parties were ordered to resume meet and confer negotiations. The order further provided that if the parties were unable to reach agreement, plaintiff could file an opposition to the motion for a protective order no later June 16, 2023, and the matter would then be taken under submission without further briefing.[1]

On June 16, 2023, plaintiff filed a statement reporting that the parties had not yet met and

---

[1] After the June 6th order had been signed, but shortly before it was posted on ECF, plaintiff filed a response to the motion for a protective order stating his intent to negotiate the issue further.

conferred regarding the protective order. Plaintiff apparently took the position that he would not negotiate the protective order unless the meet-and-confer session included a discussion of the substantive jurisdictional discovery.

The clear import of the June 6th order was that any issues regarding entry of a protective order could and should be resolved independently of disputes regarding the discovery requests and responses. Plaintiff's proposal in its June 16th filing to postpone further a decision on a protective order is not justified. Plaintiff alternatively asks that his June 6th filing be deemed his opposition to the motion for entry of a protective order. Plaintiff's only substantive objection to the form of order proposed by defendants is an argument that defendants have not shown it will prove necessary for documents to be designated as "attorney eyes only."

As noted in the June 6th order, entry of a general protective order does not constitute a determination that any specific document warrants protection thereunder. Defendants will be obliged to exercise good faith in designating any document as "attorney eyes only." If there is a dispute over any such designation that cannot be resolved through the meet-and-confer process, a magistrate judge will be able to address the concrete and specific question of whether the document or documents satisfy the legal standard for such protection. For this reason, as the June 6th order observed, entry of a protective order is not prejudicial, absent unusual circumstances.

Because no such unusual circumstances exist here, and to prevent further delay, defendant's motion for a protective order will be granted. The proposed order defendants submitted will be entered separately.

**IT IS SO ORDERED**.

Dated: June 22, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

CASE NO. 22-cv-05229-RS

2