UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCESCO CORALLO,

    Plaintiff,

    v.

NSO GROUP TECHNOLOGIES LIMITED, et al.,

    Defendants.

Case No. 22-cv-05229-RS

**ORDER SUSPENDING DISCOVERY AND RESETTING BRIEFING SCHEDULE FOR MOTION TO DISMISS**

    Defendant Q Cyber and its wholly owned subsidiary, defendant NSO Group, are Israeli companies (collectively "NSO"). NSO moved to dismiss plaintiff Francesco Corallo's complaint for lack of personal jurisdiction and/or on grounds of *forum non conveniens*.[1] The motion was supported by a fourteen paragraph declaration from NSO's chief executive office asserting, in essence, that NSO is based in Israel; that it has no offices in California or elsewhere in the U.S.; that sales of its technology are strictly monitored and regulated by the Government of Israel, and restricted to governmental entities engaged in investigating and preventing criminal activity and terrorism, and; that the technology is operated exclusively by those customers, not NSO itself. NSO also offered a second declaration, six paragraphs long, from an Israeli attorney explaining the barriers he believes would exist under Israeli law to taking depositions there for use in this case.

    Corallo's opposition to the motion was due 14 days after it was filed. The morning of the

---

[1] The motion also seeks dismissal under Rule 12 (b)(6) for failure to state a claim.

1  deadline, Corallo contacted defense counsel to request a stipulation for a 60-day period in which to
2  conduct jurisdictional discovery, with briefing on the motion to dismiss to resume thereafter.
3  Defense counsel did not reject the request out of hand, but indicated it would need to consult with
4  its clients, which would not be possible prior to that day's filing deadline, given the international
5  time difference and the observance of the Sabbath in Israel. Quite reasonably, defense counsel also
6  inquired as to the specifics of discovery Corallo was contemplating, but Corallo was "still
7  evaluating" that issue and was unable to respond.

Corallo then filed his response to the motion to dismiss, which did not address the merits at all. Instead, Corallo argued jurisdictional discovery was necessary because he needed the opportunity to explore "the veracity of the supporting Declarations, as well as other issues related to jurisdiction and the NSO Defendants' contacts to the State of California." Corallo requested that even if jurisdictional discovery were not allowed, he be given an additional 30 days to file an opposition to the motion to dismiss.

Corallo's motion fell short of showing an entitlement to, or need for, jurisdictional discovery. In the interest of resolving matters on the merits, however, the parties were ordered to meet and confer to attempt to reach an agreement on limited, narrowly targeted, discovery that could be completed within 45 days. The parties subsequently reported they had reached agreement that Corallo would serve a document request, "limited to the factual, jurisdictionally related assertions raised in the NSO Defendants' motion to dismiss and attached declarations."

The request for production of documents Corallo actually served, however, was grossly overbroad, not reasonably limited and narrowly targeted, nor likely to be accomplished in 45 days, as had been tentatively authorized. Although relevance for purposes of discovery is somewhat broader than that which necessarily will be admissible in court proceedings, even when full merits discovery is open, it must be reasonably calculated to lead to the discovery of admissible evidence and proportional to the needs of the case. Fed. R. Civ. P. 26(b).

The document requests appear premised on an assumption that virtually *any* "contacts" NSO has had with California or any other part of the United States may be relevant to the

jurisdictional inquiry. That is simply not the law. Contacts outside of California are completely irrelevant, and even contacts within California are relevant only to the extent Corallo's claims can be said to "arise[] out of or relate[] to" those activities. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).[2]

The parties have been unable to negotiate an agreement under which NSO might produce documents responsive to narrowed and more appropriately targeted requests. NSO asserts Corallo was unwilling to discuss such an approach during the meet-and-confer process, instead wanting only to address what he described as "overarching issues" about the applicability of Israeli law. Corallo contends he attempted to see if objections as to relevance, undue burden, or overbreadth could be resolved prior to addressing the impact of Israeli law, but that NSO took the position that *any* document production is foreclosed by Israeli law, rendering other issues academic.

Without deciding the degree to which, if at all, NSO would be allowed to rely on Israeli law to resist production of documents responsive to appropriately tailored requests where the information was critical to a plaintiff's ability to oppose a motion to dismiss, it has become clear that further discovery proceedings are not warranted at this juncture. Corallo shall file his opposition to the motion to dismiss no later than July 24, 2023.[3] NSO may file a reply no later than July 31, 2023. The matter will then be set for hearing, or taken under submission without argument, in the court's discretion.

---

[2] There is absolutely no plausible basis to contend there might be general jurisdiction over NSO or that discovery into matters relevant only under such a theory is appropriate.

[3] Corallo is not precluded from including in his opposition any argument he may wish to make that specific facts material to the analysis likely could be uncovered through discovery. Absent a highly compelling showing, however, the motion will be decided on the existing record.

**IT IS SO ORDERED**.

Dated: July 10, 2023

_____
RICHARD SEEBORG
Chief United States District Judge