UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCESCO CORALLO,

    Plaintiff,

    v.

NSO GROUP TECHNOLOGIES LIMITED, et al.,

    Defendants.

Case No. 22-cv-05229-RS

**ORDER RE PENDING MOTIONS**

    Plaintiff Francesco Corallo is a native of Italy and a naturalized citizen of the Netherlands, who resided in Sint Maarten in the Dutch Caribbean at the time of the events alleged in the complaint in this action. Corallo describes himself as a successful businessman with interests across the Caribbean and in Italy. Defendants NSO Group Technologies Limited and its sole shareholder Q Cyber Technologies Limited (collectively "NSO") are Israeli companies, who allegedly develop, market, and distribute "highly invasive surveillance technology or spyware and related products and services, including software called Pegasus and a "security exploit" known as FORCEDENTRY."

    Corallo owned an Apple iPhone and stored data in an iCloud account. He alleges NSO used the FORCEDENTRY exploit to deploy the Pegasus software on devices of Apple customers on behalf of NSO's governmental clients, including Italy and the Netherlands. Corallo asserts Apple notified him that his iPhone and iCloud data had been compromised by such "hacking." In this action, Corallo brings one set of claims against NSO, and a separate set of claims against

1  Apple, Inc. NSO has moved to dismiss for lack of personal jurisdiction and on *forum non*

2  *conveniens* grounds, and for failure to state a claim. Apple moves to dismiss for failure to state a

3  claim.

4  Corallo's opposition to NSO's motion for dismissal for lack of personal jurisdiction relies

5  heavily on *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649 (N.D. Cal. 2020), in

6  which California-based plaintiffs sued NSO for their systems to deploy the Pegasus software to

7  their users' devices. The *WhatsApp* court denied NSO's motion to dismiss for lack of personal

8  jurisdiction. *Id.* at 678. Corallo, however, has not made a compelling showing that *WhatsApp*

9  supports specific personal jurisdiction here, where he is not a California resident and few of the

10 considerations discussed in *WhatsApp* apply.

11 Even assuming specific personal jurisdiction over NSO might exist on the facts of this

12 case, the doctrine of *forum non conveniens* may compel dismissal. NSO did not originally move

13 for dismissal on *forum non conveniens* grounds in the *WhatsApp* case. In September of this year,

14 however, NSO brought such a motion contending "recent events" support a conclusion that claims

15 relating NSO's deployment of Pegasus cannot be litigated here. That motion is presently set to be

16 heard on November 9, 2023. At least some of the "recent events" presented by NSO in *WhatsApp*

17 may postdate the *forum non conveniens* briefing in this case.

18 In the event an order issues in *WhatsApp* granting the motion to dismiss on *forum non*

19 *conveniens* grounds by December 29, 2023, Corallo may file a supplemental brief, within ten days

20 thereafter, not to exceed 15 pages, setting out any arguments he may have as to why this action

21 should not similarly be dismissed on *forum non conveniens* grounds. Any such brief may include

22 additional argument as to why Corallo contends personal jurisdiction would be appropriate here,

23 absent *forum non conveniens* issues, notwithstanding the fact that he, unlike the *WhatsApp*

24 plaintiffs, is not based in California. NSO may then file a supplemental response, also not to

25 exceed 15 pages, within one week thereafter. The matter will then be resubmitted for decision

26 without further briefing or argument, unless otherwise order. The motion to dismiss filed by

27 defendant Apple, Inc. remains submitted. If no ruling is entered on the *forum non conveniens*

28

United States District Court
Northern District of California

motion in *WhatsApp*, a further order will issue in this case regarding any further briefing that may be warranted.

Corallo previously filed an overlong reply brief simultaneously with motion for leave to exceed page limits. Without condoning that practice or implying that the additional pages were necessary, the retroactive motion to extend page limits (Dkt. No. 102) is granted. The initial Case Management Conference is continued to January 25, 2024, with a joint statement to be filed one week in advance.

**IT IS SO ORDERED**.

Dated: October 17, 2023

RICHARD SEEBORG
Chief United States District Judge