United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCESCO CORALLO,

        Plaintiff,

        v.

NSO GROUP TECHNOLOGIES
LIMITED, et al.,

        Defendants.

Case No. 22-cv-05229-RS

**ORDER GRANTING REQUEST FOR FURTHER BRIEFING**

The threshold issue in this litigation has been whether defendants NSO Group Technologies Limited and its affiliate, Q Cyber Technologies Limited (collectively "NSO") are subject to personal jurisdiction in this forum, or whether, even if jurisdiction might exist, the claims against NSO should be dismissed under the *forum non conveniens* doctrine. To ensure these issues were resolved on a sufficient record, plaintiff was permitted to conduct limited jurisdictional discovery, and a series of orders permitting additional briefing have been entered. Further briefing was also permitted because other cases in this district have been addressing jurisdictional and *forum non conveniens* issues regarding NSO in the context of similar claims.

Invoking Civil Local Rule 7-3(d)(2), NSO recently submitted a "Statement of Recent Decision," pointing to a decision in this district dismissing similar claims against NSO under *forum non conveniens* doctrine. *See Dada v. NSO Group Technologies Ltd.*, No. 3:22-cv-07513,

United States District Court
Northern District of California

1    2024 WL 1024736 (N.D. Cal. Mar. 8, 2024).[1] Plaintiff now seeks leave to submit a brief setting

2    out his arguments as to why *Dada* does not support dismissal under the *forum non conveniens*

3    doctrine in this case.

4           Rule 7-3(d)(2) expressly provides a statement of recent decision shall be presented

5    "without argument" so that endless briefing will not result every time an arguably relevant

6    decision in some other case issues before a ruling on the motion at hand. Here, however, *Dada*

7    addresses the same defendants and similar facts, while distinguishing *Apple Inc. v. NSO Group*

8    *Technologies, Inc.*, 2024 WL 251448 (N.D. Cal. Jan. 23, 2024), which reached the result plaintiff

9    contends should apply in this case.

10          Although *Dada* is not controlling authority (whether or not it is distinguishable), under the

11   particular circumstances here, plaintiff should be given an opportunity to address it. That said, the

12   briefing in this matter must at some point come to an end.[2] Accordingly, plaintiff may file a

13   supplemental brief, not to exceed 8 pages, no later than April 2, 2024. NSO may file a response,

14   also not to exceed 8 pages, no later than April 9, 2024. While the parties are not prohibited from

15   submitting statements of any relevant decisions thereafter, no requests for further briefing will be

16   entertained absent a showing of extraordinary circumstances giving rise to good cause.

17

18

19

20

21

22

---

23   [1] By its terms, Rule 7-3(d)(2) only authorizes the filing of a Statement of Recent Decision,
     "[b]efore the noticed hearing date." Without endorsing a general practice of filing such statements
24   without leave in submitted matters, the submission will be considered under the circumstances
     here.
25

26   [2] Among other things, defendant Apple, who does not challenge jurisdiction, is entitled to a
     disposition on its motion to dismiss for failure to state a claim, which has been held pending
27   resolution of NSO's motion.

28

1    **IT IS SO ORDERED**.

2

3    Dated: March 27, 2024

4    _____
     RICHARD SEEBORG
5    Chief United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 22-cv-05229-RS

United States District Court
Northern District of California