Carlos F. Osorio (*admitted pro hac vice*)
Florida Bar No. 597546
cosorio@osorioint.com
Andres F. Rey (*admitted pro hac vice*)
Florida Bar No. 118875
arey@osorioint.com
**OSORIO INTERNACIONAL, P.A.**
175 S.W. 7 Street, Suite 1800
Miami, FL 33130
Tel: 305-900-4103

George J. Vila (admitted *pro hac vice*)
Florida Bar No. 141704
gvila@gjvpa.com
**GEORGE J. VILA, P.A.**
201 Alhambra Circle, Suite 702
Coral Gables, FL 33134-5111
Tel: 305-445-2540

Monte S. Travis (CA Bar No. 84032)
montetravis@mac.com
Robert P. Travis (CA Bar No. 182667)
robert.p.travis@icloud.com
**TRAVIS & TRAVIS**
1160 Battery Street East, Suite 100
San Francisco, CA 94111-1231
Tel: 415-939-0576

Attorneys for Plaintiff
Francesco Corallo

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FRANCESCO CORALLO,<br><br>        Plaintiff,<br><br>v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, Q CYBER TECHNOLOGIES LIMITED, and APPLE, INC.,<br><br>        Defendants. | **Case No. 3:22-cv-05229-RS**<br><br>**PLAINTIFF FRANCESCO CORALLO'S SUPPLEMENTAL BRIEF ON *FORUM NON CONVENIENS* ISSUES IN LIGHT OF RECENT *DADA* DECISION** |

-1-

1
2
3
4
5
6

Plaintiff FRANCESCO CORALLO ("**Corallo**" or "**Plaintiff**"), pursuant to the Court's Order Granting Request for Further Briefing (ECF No. 130), hereby submits this supplemental brief to address the *forum non conveniens* argument at issue in this case in light of the recent Order Re Motion to Dismiss ("**Dada Order**") entered in *Dada v. NSO Group Technologies Ltd.*, No. 3:22-cv-07513 (N.D. Cal. 2024) in this district, and states as follows:

7
8
9
10
11
12
13
14

On March 8, 2024, the Honorable James Donato entered the Dada Order granting a motion to dismiss based on *forum non conveniens* filed by Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED (collectively the "**NSO Defendants**") in the Dada Case.  Presumably NSO Defendants will argue that the Dada Case and Judge Donato's recent Dada Order are similar to this case for purposes of the Court's *forum non conveniens* analysis and provide the Court with support to grant their motion.  NSO Defendants would be wrong to make such an argument.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Indeed, the facts in *Dada* are distinguishable from this case, and therefore not supportive of dismissal of this case on *forum non conveniens* grounds.  In *Dada*, the plaintiffs were "journalists and others" for a digital newspaper based in El Salvador, who alleged that they were subjected to "Pegasus attacks" on their devices in 2020 and 2021 as "part of a coordinated and sustained effort to undermine independent journalism in El Salvador."  *Dada v. NSO Group Techs. Ltd.*, 3:22-CV-07513-JD, 2024 WL 1024736, at *1 (N.D. Cal. Mar. 8, 2024).  Plaintiffs sued NSO Defendants for violations of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030(a), the California Comprehensive Computer Data Access and Fraud Act (CDAFA), California Penal Code § 502(c), and for trespass to chattels, and intrusion upon seclusion. *Id.*  The plaintiffs did not live or work within the Northern District of California but had alleged "on information and belief" that "some" Apple servers used by defendants to access plaintiffs' iPhones "are located in California." *Id.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The court in *Dada* noted that it "had no trouble rejecting a similar *forum non conveniens* challenge that NSO [Defendants] raised in a case brought by Apple because the facts alleged there amply demonstrated that this District is the best forum for resolving Apple's claims. *See Apple Inc. v. NSO Group Technologies, Inc.*, Case No. 21-cv-09078-JD, 2024 WL 251448, at *1-4 (N.D. Cal. Jan. 23, 2024). The facts here are very different, and lead to a different result." *Dada*, 2024 WL 1024736, at *1–2; *see also* Plaintiff Francesco Corallo's Statement of Recent Decision Against Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited on *Forum Non Conveniens* Issues (ECF No. 124).[1] Applying the legal standard for dismissal based on *forum non conveniens*, the court in *Dada* first found that the "plaintiffs [did] not dispute, that Israel is an adequate alternative forum," and noted that NSO Defendants even "raised the possibility of litigating plaintiffs' claims in Salvadoran courts under Salvadoran law, . . .an invitation to which plaintiffs did not respond." *Id.* at *3.

The court in *Dada* then went on to apply the private and public interest factors under the *forum non conveniens* inquiry. *Id.* at *3-4. In particular, the court determined that the private interest factors weighed "in favor of litigating the case in Israel or elsewhere, and not here." *Dada*, 2024 WL 1024736, at *3. Specifically, the court found:

    (1) "[N]either side was present in, or had any ties to, this District in connection with the allegations in the complaint." *Id.*

    (2) "NSO was in Israel at all pertinent times, and all of its material witnesses and evidence are located there. NSO represents that it does not hold property or have employees in California. . . . [A]ll of the plaintiffs lived and worked in El Salvador during the period

---

[1] Plaintiff's Statement of Recent Decision notified the Court of Judge Donato's order denying a motion to dismiss based on *forum non conveniens* by NSO Defendants in *Apple Inc. v. NSO Group Technologies Limited, et al.*, Case No. 3:21-cv-09078-JD, 2024 WL 251448 (N.D. Cal. Jan. 23, 2024) (the "*Apple* case") currently pending in this District.

Plaintiff's Supplemental Brief On *Forum Non Conveniens* Issues      Case No. 3:22-cv-05229-RS

1
2
3

relevant to the complaint, save for one who was located in Washington D.C. . . .Plaintiffs did not demonstrate that any significant quantum of witnesses or evidence may be located in this District." *Id.*

4
5
6
7
8
9
10
11
12

(3) "Plaintiffs also did not argue against *forum non conveniens* on the basis of the location of Apple's servers or the possibility of needing third-party evidence from Apple, and so those are not factors here. Even if they had, evidence concerning Apple will not be the main battleground between the parties, and should be readily available in electronic or other accessible form. So too for plaintiffs' suggestion that the pendency of other cases against NSO makes keeping this one here 'convenient.'  Plaintiffs do not say why that may be so, and to the extent those cases may have relevant discovery, there are efficient ways of getting it short of shoehorning an entirely foreign case into the District."  *Id.*

13

Based on these findings, Judge Donato found that

14
15
16
17

Litigating the case in this District would likely impose significantly heavier burdens on NSO than plaintiffs. Israel is more than twice as far away from San Francisco (approximately 7400 air miles) as El Salvador (approximately 2600 air miles), which will disproportionately burden NSO [Defendants] for trial and other court proceedings. This is particularly so because NSO will be the source of substantially more evidence and witnesses than plaintiffs.

18
19

*Id.* at *4.

20
21
22
23
24
25
26
27
28

The court in *Dada* also found that the public interest factors weighed against litigation in this District.  *See Dada* 2024 WL 1024736, at *4.  In particular, Judge Donato found that the plaintiffs did not demonstrate any local interest or stake in the events alleged in the complaint. The court noted that "California's interest will by amply protected in Apple's lawsuit against NSO [Defendants], which is now proceeding apace in this Court."  *Id.*   The court further stated that "[a] good argument can be made that California has no interest whatsoever in El Faro's readership." And the court dismissed the plaintiff's "suggestion that the case should be litigated here because the United States has an interest in managing the use of spyware" as a "massive generalization of

-4-

no utility for the *forum non conveniens* analysis." *Id.*  In the end, the court found that "[b]urdening a jury in this District with all of this makes little sense. . . . [A] local jury would understandably struggle with being asked to sit for a long trial that involves purely foreign plaintiffs and defendants, and events in foreign lands." *Id.*   Finally, the court ended its *forum non conveniens* analysis by noting that the plaintiffs "did not explain why a trial here would be more expeditious and inexpensive than in Israel or elsewhere," and that they "did not suggest that they would not have plausible claims under the laws of other forums, with concomitant judicial expertise there." The court concluded that "[o]verall, this case could not be more different than Apple for *forum non conveniens* purposes. It belongs in a court in Israel or El Salvador, and not here." *Id.*

Plaintiff asserts that the facts in the *Dada* case are distinguishable from this case, and therefore not supportive of the dismissal of this case on *forum non conveniens* grounds.  As a preliminary matter, and perhaps most obvious, is that this case involves a third defendant, Defendant APPLE, INC. ("**Apple**"), a California resident and a key party – and NSO Defendants has not shown that Apple consents to being sued in Israel or that Israel even has any jurisdiction over Apple to begin with.  More importantly, Plaintiff's claims against NSO Defendants and Apple are closely related and arise from interlinked facts, namely, NSO Defendants' malicious cyber-attacks against Apple's servers and systems in California, and as such, key witnesses and evidence related to Plaintiff's claims against NSO Defendants will undoubtedly be located in California. Also worth noting, NSO Defendants are already here, and participating in ongoing litigation matters.  In short, Apple's presence in this matter is a significant distinguishing fact in the *forum non conveniens* inquiry.

Another important distinction is that the plaintiffs in *Dada* did not dispute the adequacy of Israel as an alternative forum, and apparently NSO Defendants even offered to litigate the plaintiffs' claims in Salvadoran courts under Salvadoran law, which plaintiffs did not accept.  *See*

*Dada*, 2024 WL 1024736, at *3.  Obviously, that is not the case here.  Plaintiff does not accept the adequacy of Israel as a forum, and has challenged it in these proceedings— not only is Israel in the midst of a war due to the recent Hamas terror attacks of October 2023, the judicial system in Israel is in the midst of its own crisis, as the Israeli government has recently implemented controversial judicial reforms that have spurred massive street protests and a political unrest that could affect the functioning of Israeli's local courts and increase their congestion.  *See BBC Article, Israel judicial reform: What is the crisis about?* ([https://www.bbc.com/news/world-middle-east-65086871](https://www.bbc.com/news/world-middle-east-65086871)) (visited July 26, 2023).  Both of these factors indicate that Israel is not currently best suited (in comparison to California) to act as the forum for this dispute.

There are other distinguishing facts dealing with the private and public interest factors which weigh against dismissal to Israel, for example:

**Private Interest Factors**

- The court in *Dada* found that the plaintiffs did not demonstrate that any significant quantum of witnesses or evidence may be located in this District.  *See  Dada*, 2024 WL 1024736, at *3.  The plaintiffs in *Dada* also did not argue against *forum non conveniens* on the basis of the location of Apple's servers or the possibility of needing third-party evidence from Apple, and so those facts were not an issue in *Dada*. *Id.*  While Plaintiff and NSO Defendants are not residents of California, Apple's presence in this case significantly changes things (in comparison to *Dada*) – as noted Plaintiff's claims against NSO Defendants and Apple are closely related and arise from interlinked facts, and as such, key witnesses and evidence related to Plaintiff's claims against NSO Defendants will undoubtedly be located in California.

- The court in *Dada* found that the plaintiffs' did not explain why the pendency of other cases against NSO Defendants makes keeping the case against them in this District

"convenient."  *See Dada*, 2024 WL 1024736, at *3.  The convenience factor may be neutral, but it cannot be overlooked that NSO Defendants are highly sophisticated companies with world-wide operations – and they have the ability to litigate in California and are currently doing so.

**Public Interest Factors**

- The plaintiffs in *Dada* did not demonstrate any local interest or stake in the events alleged in the complaint.  *See Dada*, 2024 WL 1024736, at *4.  Here, Plaintiff makes clear that California has a strong local interest in this lawsuit, indeed a compelling interest given that this dispute involves (1) NSO Defendants' intentional targeting and hacking of a California-based corporation (Apple) and its users/customers (in this case, Plaintiff), and (2) a company (Apple) that provides essential services to millions of California residents; and the effects of NSO Defendants' unlawful actions were not only felt by Plaintiff but foreseeably by many other Apple users, including California-residents.  Unlike *Dada*, Apple is a defendant in this case, thus the inquiry must take that into account when deciding whether a local interest exist, and in this case it arguably does.  This is not just a case between foreign litigants like in *Dada*, it involves foreigners and a local California entity and a major industry player, something a local jury should be asked to handle.

In short, in this case the facts demonstrate – unlike in *Dada* – that the overall convenience of *all* the parties, including costs, access to witnesses, and location of the evidence, and  the overall interest and connection to the state of California, militate in factor of a trial in California not Israel—it will be much easier  more expeditious, and less expensive than in Israel, and the interests of California and its citizens will be better served if trial is held in this District.

WHEREFORE, for the reasons stated herein, and Plaintiff's Opposition to NSO

Defendant's Motion to Dismiss (ECF No. 101) and Plaintiff's other supplemental filings, Plaintiff requests that the Court deny NSO Defendants' Motion to Dismiss and require NSO Defendants to file its answer to Plaintiff's Complaint within 10 days of the Court's order denying the motion.

Dated: April 2, 2024

**OSORIO INTERNACIONAL, P.A.**

_/s/ Carlos F. Osorio_
Carlos F. Osorio (_pro hac vice admission_)
Attorneys for Plaintiff Francesco Corallo

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY, that on this 2nd day of April, 2024, a true and correct copy of the foregoing was electronically filed via the CMECF Filing Portal, which will serve this Notice on all counsel of record.

_/s/ Carlos F. Osorio_
Carlos F. Osorio (_pro hac vice admission_)