JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

MATTHEW H. DAWSON (Bar No. 307350)
 *mdawson@kslaw.com*
MATTHEW V.H. NOLLER (Bar No. 325180)
 *mnoller@kslaw.com*
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone:   (415) 318-1200
Facsimile:   (413) 318-1300

Attorneys for Defendants NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCESCO CORALLO,<br><br>     Plaintiff,<br><br>     v.<br><br>NSO GROUP TECHNOLOGIES LTD. and Q CYBER TECHNOLOGIES LTD., and APPLE, INC.<br><br>     Defendants. | Case No. 3:22-cv-05229-RS<br><br>*Honorable Richard Seeborg*<br><br>**DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGY LIMITED'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF ON FORUM NON CONVENIENS [ECF NO. 131]**<br><br>Action Filed:  09/13/2022 |

## NSO DEFENDANTS' SUPPLEMENTAL BRIEF

The *forum non conveniens* decision in *Dada v. NSO Group Technologies Ltd.*, 2024 WL 1024736 (N.D. Cal. Mar. 8, 2024) (ECF No. 125-1), applies with full force here, and its persuasive reasoning militates in favor of dismissing Mr. Corallo's claims. His attempts to distinguish that decision do not withstand scrutiny.

**First**, *Dada* held that Israel is an adequate alternative forum for claims identical to Mr. Corallo's. 2024 WL 1024736, at *3. (The court in *WhatsApp Inc. v. NSO Group Technologies Ltd.*, 2023 WL 7726411, at *2 (N.D. Cal. Nov. 15, 2023), held the same.) Mr. Corallo's arguments otherwise are feeble. One of the main aspects of the "judicial reforms" that Mr. Corallo cites (Supp. Br. 6) was struck down months ago by Israel's Supreme Court.[1] The legislative process for other proposed reforms has since been suspended, and the current government is not actively pursuing them. Moreover, those remaining reforms applied primarily to the Israeli Supreme Court and to the judicial appointment process, not to lower courts' consideration of routine lawsuits like Mr. Corallo's—as his cited article makes clear.[2] Mr. Corallo provides no evidence that the defunct reforms affected any civil litigation in Israel, let alone that they would render any "remedy provided" in Israel "so clearly inadequate or unsatisfactory, that it is no remedy at all." *See Carijano v. Occidental Petrol. Corp.*, 643 F.3d 1216, 1226 (9th Cir. 2011).

The same is true of the war with Hamas, which is taking place in Gaza, not in any area of Israel where Mr. Corallo's claims would be litigated. (Defendants are located in a suburb of Tel-Aviv, approximately 50 miles from the closest part of Gaza.) Mr. Corallo's bare speculation that these factors "could" affect Israeli courts (Supp. Br. 6), is plainly insufficient to demonstrate that Israel is an inadequate forum. *See OSR Enters. AG v. REE Auto. Ltd.*, No. 1:22-CV-01327-ADA, 2024 WL 51014, at *7 (W.D. Tex. Jan. 4, 2024) (rejecting the "speculative" argument that the war would "impede the functioning of the Israeli legal system to such an extent" that the plaintiff would be "highly unlikely to obtain basic justice there"). He presents no evidence, nor can he, that Israeli

---

[1] *See* Shaimaa Khalil et al., *Israel Supreme Court Strikes Down Judicial Reforms*, BBC News (Jan. 1, 2024), https://www.bbc.com/news/world-middle-east-67859177.

[2] *See* Raffi Berg, *Israel Judicial Reform Explained: What Is the Crisis About?*, BBC News (July 24, 2023), https://www.bbc.com/news/world-middle-east-65086871.

courts are not functioning normally without any additional delays caused by the war.

Mr. Corallo's focus on such irrelevant facts may arise from his misapprehension that Israel must be "best situated (in comparison to California)" to qualify as an adequate alternative forum. (Supp. Br. 6.) That is incorrect. A forum is adequate merely if "the defendant is amenable to process there" and it "provide[s] 'some remedy' for the plaintiff's complained wrong." *Carijano*, 643 F.3d at 1225-26. Mr. Corallo addresses neither of these factors, and for good reason.[3] "[A]s a citizen of Israel, NSO is amenable to process in Israel." *Dada*, 2024 WL 1024736, at *3 (cleaned up). And Israeli law could provide Mr. Corallo some remedy on, at a minimum, his tort claims. *See Corrie v. Caterpillar, Inc.*, 403 F. Supp. 2d 1019, 1026 (W.D. Wash. Nov. 22, 2005); *Henkin v. Islamic Rep. of Iran*, 2021 WL 2914036, at *12 (D.D.C. July 12, 2021); ECF No. 60 at 11. Mr. Corallo does not claim otherwise, nor does he cite any case from any court finding that Israel is an inadequate forum.

Moreover, just as the Salvadoran plaintiffs in *Dada* could have sued "in Salvadoran courts under Salvadoran law," 2024 WL 1024736, at *3, Mr. Corallo could have sued in the courts of his home country, Sint Maarten, under its domestic laws. He offers no argument that Sint Maarten would not be an adequate forum for his claims.

**Second**, *Dada* held that the private and public *forum non conveniens* factors favored NSO for reasons that apply equally here. As Judge Donato correctly found, "[b]urdening a jury in this District" with claims by a foreign plaintiff against foreign defendants based on alleged foreign conduct "makes little sense." *Id.* at *4. "[A] local jury would undoubtedly struggle with being asked to sit for a long trial involving a foreign plaintiff's claims against a foreign defendant based on activities that occurred in foreign lands." *Id.*

With respect to the private factors, just as in *Dada*, "neither side was present in, or had any ties to, this District in connection with the allegations in the complaint. NSO was in Israel at all

---

[3] It is utterly irrelevant whether "Apple consents to being sued in Israel" or whether Israel "has any jurisdiction over Apple." (Supp. Br. 5.) Nothing in NSO's *forum non conveniens* arguments would require Mr. Corallo to sue Apple in Israel. If this Court does not dismiss his claims against Apple, he is free to pursue them in California.

pertinent times, and all of its material witnesses and evidence are located there." *Id.* at *3. And just as the *Dada* "plaintiffs lived and worked in El Salvador during the period relevant to the complaint," *id.*, Mr. Corallo lived and worked in Sint Maarten (Compl. ¶ 6). He does not deny that he has never lived in or even visited California or claim that any of his own evidence or witnesses would be located in California. Nor does he dispute that "[l]itigating the case in this District would likely impose significantly heavier burdens on NSO than" on him, *Dada*, 2024 WL 10244736, at *3; that "NSO will be the source of substantially more evidence and witnesses than" him, *id.*; or that Israeli law and U.S. export control restrictions will substantially impair NSO's ability to participate in litigation in California (ECF No. 119-2 at 5-7; ECF No. 107 at 9-10). Mr. Corallo also, like the *Dada* plaintiffs, cannot "explain why the pendency of other cases against NSO Defendants makes keeping the case against them in this District 'convenient.'" (Supp. Br. 6-7.) *Dada* properly rejected that argument, 2024 WL 10244736, at *3, and Mr. Corallo cites no authority to the contrary. He submits no facts to support his inaccurate assertion that NSO has "world-wide operations." (Supp. Br. 7.) It does not; NSO does business exclusively in Israel and has no presence anywhere else. (ECF No. 65-1 ¶ 4.)

Mr. Corallo's only other arguments on the private factors rest entirely on the fact that he has sued Apple as well as NSO. But his claims against Apple—for negligence and false advertising—are based on different causes of action and different facts than his claims against NSO. NSO does not seek to dismiss the claims against Apple, and Mr. Corallo offers no basis to think that those claims could not proceed in this Court without NSO's presence. Nor does he cite any authority for his contention that a foreign plaintiff can sue a foreign defendant for foreign conduct in U.S. court, then avoid dismissal under *forum non conveniens* by unilaterally asserting separate claims against a domestic third party and adding such party to the suit. That is particularly true when those claims, as demonstrated by Apple's motion to dismiss, are meritless. (ECF No. 32.) If this Court grants Apple's motion to dismiss, then Mr. Corallo's claims against Apple plainly cannot support his distinct claims against NSO.

That aside, the mere fact that Mr. Corallo sued Apple does not meaningfully distinguish this case from *Dada*. The plaintiffs in *Dada* were also Apple customers—specifically, Salvadoran

journalists who, like Mr. Corallo, claimed their Apple devices were accessed by foreign countries using NSO's technology via Apple's servers. *E.g.*, Complaint ¶ 3, *Dada v. NSO Grp. Techs. Ltd.*, No. 3:22-cv-07513 (N.D. Cal. Nov. 30, 2022), ECF No. 1 ("*Dada* Compl."). If Mr. Corallo's claims against Apple had merit, then the *Dada* plaintiffs also could have asserted similar claims.[4] But the *Dada* court unambiguously rejected "the possibility of needing third-party evidence from Apple" as a basis for denying NSO's *forum non conveniens* motion because "evidence concerning Apple will not be the main battleground between the parties, and should be readily available in electronic or other accessible form." 2024 WL 10244736, at *4. Mr. Corallo cannot explain why the same is not equally true here. If anything, the fact that Mr. Corallo has sued Apple in this Court makes NSO's presence *less* important—if his suit against Apple proceeds, he can receive discovery directly from Apple in that suit and then use it, as appropriate, in any case against NSO in Israel. As in *Dada*, therefore, Mr. Corallo has multiple "efficient ways of getting" any relevant discovery from Apple "short of shoehorning an entirely foreign case into the District." *Id.*

Mr. Corallo's arguments on the public factors likewise turn entirely on his claims against Apple—and thus fail for the same basic reasons. (Supp. Br. 7.) As the court in *Dada* recognized, there is no "local interest or stake" in allegations that foreign countries used a foreign company's technology to access a foreign plaintiff's foreign devices in foreign countries. 2024 WL 10244736, at *4. To the extent California has an interest in allegations that NSO's technology has been used to access Apple servers and devices—allegations that the *Dada* plaintiffs did make, contrary to Mr. Corallo's assertions otherwise (*Dada* Compl. ¶¶ 3, 13, 38-42)—then "California's interest will be amply protected in Apple's lawsuit against NSO, which is now proceeding apace in this Court." *Dada*, 2024 WL 10244736, at *4. And to the extent California has an interest in Mr. Corallo's claims against Apple, NSO's motion to dismiss will have no effect on that interest because it will not impair Mr. Corallo's ability to sue Apple in this Court.

The bottom line is that here, as in *Dada*, denying NSO's motion to dismiss "would open

---

[4] It would be absurd for courts in this District to hold correctly that Salvadoran journalists could not sue NSO in California, then allow an [accused] European mobster to do so merely because he also asserted specious claims against Apple.

the doors of the federal courts to lawsuits by foreign entities for conduct that occurred entirely outside the United States, a result that cannot be squared with our traditional understanding of due process and limited jurisdiction." *Id.* at *5. Allowing Mr. Corallo to avoid that result merely by asserting weak claims against Apple would encourage bad-faith gamesmanship by foreign litigants and convert the Northern District of California into "an international court of internet law." *Hungerstation LLC v. Fast Choice LLC*, 2020 WL 137160, at *6 (N.D. Cal. Jan. 13, 2020). Nothing in Mr. Corallo's supplemental brief—or any of his other filings—can justify that result.

## CONCLUSION

The Court should dismiss Plaintiff's claims against NSO with prejudice.

DATED: April 9, 2024

KING & SPALDING LLP

By: */s/Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
MATTHEW H. DAWSON
MATTHEW V.H. NOLLER
Attorneys for Defendants NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.